**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

December 5, 2007

Writer's Direct Contact
212.468.8009
MBMiller@mofo.com

Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:    *Li v. Apple Inc., et al.*, Case No. CF-07-04005 (LDW)(ETB)

Dear Judge Wexler:

We represent defendants Apple Inc. and Steve Jobs (collectively "Apple") in the above-captioned action. Pursuant to your Honor's Individual Practices, we write to request a pre-motion conference seeking leave to file a motion to dismiss under Rule 12(b)(6) of all claims against Apple. This letter summarizes the bases for such a motion.

The Complaint seeks to challenge Apple's pro-competitive decision to reduce the price of the iPhone. It does so principally under the Robinson-Patman Act, but the Complaint does not and cannot allege either price discrimination or harm to competition as required to state a claim under the Act. Three of the claims in the Complaint are brought under statutes for which there is no private right of action. As to the Complaint's "tying" claim, the Complaint does not adequately plead a relevant market and does not and cannot allege market power. Nor does the Complaint adequately plead a §349 claim under New York's General Business Law. Apple respectfully submits that the Complaint should be dismissed.

*Summary of the Complaint.*  Plaintiff is a consumer who bought a 4 gigabyte ("4GB") Apple iPhone from an Apple retail store a few days after the iPhone was first introduced. (Complaint, ¶ 11.) Plaintiff paid $499 for her 4GB iPhone. (*Id.*) Plaintiff purchased with her iPhone a two-year wireless service contract with AT&T, the exclusive provider of wireless service with the iPhone. (*Id.*, ¶ 12.)

More than two months after plaintiff bought her 4GB iPhone, Apple announced that it would be discontinuing production of the 4GB iPhone, and would be cutting the price of the 8GB iPhone from $599 to $399. (*Id.*, ¶¶ 16-17, 24.) Consumers who purchased the iPhone within 14 days of the price cut received a $200 rebate because they were still covered by Apple's standard 14-day price protection policy; consumers who purchased the iPhone more than two weeks before the price cut received a $100 store credit. (*Id.*, ¶¶ 33, 34.) The Complaint alleges that this price cut hurt early purchasers of the iPhone, because they could no longer sell the iPhone "for as high a profit as they could have before the price cut." (*Id.*, ¶¶ 21-22.)

ny-787986

***Plaintiff's Robinson-Patman Act claims fail because the Complaint does not allege any price discrimination.*** The *sine qua non* of a Robinson-Patman Act claim is an allegation of price discrimination. *See George Haug Co. v. Rolls Royce Motor Cars, Inc.*, 148 F.3d 136, 145 (2nd Cir. 1998) ("plaintiff has the burden of establishing … that the seller discriminated in price as between the two purchasers"). Here, the Complaint makes clear that all purchasers of an 8GB iPhone prior to September 5, 2007, paid identical prices and received identical rebates. Apple then reduced the price to all purchasers, discriminating against none, and thereafter all purchasers paid the identical new price and received the identical rebate terms.

This is not price discrimination. "[A] seller is free to change its prices as much and as often as it wants, provided it charges the same price to all competing customers at the same time." *K-S Pharmacies, Inc. v. American Home Products Corp.*, 962 F.2d 728 (7th Cir. 1992); *see also A.A. Poultry Farms, Inc. v. Rose Acre Farms, Inc.*, 881 F.2d 1396 (7th Cir. 1989) (no price discrimination where seller "charged the same price to customers at the same time"); *Texas Gulf Sulphur Co. v. JR Simplot Co.*, 418 F.2d 793 (9th Cir. 1969) ("where competitors similarly situated are treated alike at the time of the transaction, there is no violation of the Robinson-Patman Act"). In addition, the Complaint alleges only that the 4GB iPhone was discontinued, not that any other purchaser of the 4GB iPhone (the product plaintiff bought) received a lower price than plaintiff. This is fatal to plaintiff's claims. *See Cancall PCS, LLC v. Omnipoint Corp.*, 2000 WL 272309 (S.D.N.Y. March 10, 2000).

In sum, because Apple did not discriminate in price, plaintiff's Robinson-Patman Act claims should be dismissed.

***Plaintiff's Robinson-Patman Act claims fail because the plaintiff was not in competition with any allegedly favored purchasers.*** The Robinson-Patman Act requires that a plaintiff be in competition with an allegedly favored purchaser. *See Haug*, 148 F.3d at 141 n.2. The Complaint does not satisfy this requirement. It alleges only that plaintiff is a consumer who bought a 4GB iPhone at an Apple retail store. Although the Complaint refers in conclusory terms to competition for re-sale of the iPhone, it does not allege that plaintiff is a business competitor engaged in re-sale of the iPhone, or that she did or even tried to re-sell her iPhone.

***Plaintiff's Robinson-Patman Act claims fail because they do not allege an adverse effect on competition.*** The Robinson-Patman Act proscribes price discrimination only to the extent that it threatens to injure competition. *Volvo Trucks N.A., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 168 (2006). Although the Complaint is not very clear on this point, plaintiff appears to be asserting claims of both primary line discrimination directed at Apple's competitors and secondary line discrimination directed at purchasers/resellers. However, in neither case does the Complaint adequately allege an effect on competition.

As to the primary line claims, a plaintiff is required to allege both below-cost pricing and the possibility to recoup lost profits. *Brooke Group Ltd. v. Brown & Williamson*, 509 U.S. 209 (1993). The Complaint does not allege any ability to recoup at all, nor could it. Similarly, the Complaint is silent as to any effect on competition from plaintiff's secondary line claims, and

its allegation of a single purchase of a single 4GB iPhone by a consumer is not enough to infer such an effect. *Volvo*, 546 U.S. at 171. The claims therefore should be dismissed.

***Plaintiff's tying claim fails because it does not allege a relevant market or the presence of market power in any relevant market.*** The Supreme Court has made clear that, "in all cases involving a tying arrangement, the plaintiff must prove that the defendant has market power in the tying product." *Illinois Tool Works v. Independent Ink, Inc.*, 547 U.S. 28, 40 (2006). Here, the Complaint does not allege the existence of market power in the tying product (nor could it given the iPhone's recent introduction), and indeed does not even adequately identify the tying and tied products themselves. Nor does the Complaint identify any competitive injury resulting from the allegedly unlawful tie. Finally, tying claims under the Clayton Act apply only to contracts for the sale of "goods . . . or other commodities," not "services" like AT&T's wireless services. *Hudson Valley Asbestos Corp. v. Tougher Heating & Plumbing Co.*, 510 F.2d 1140, 1145 (2d Cir. 1975). Thus, the tying claim should be dismissed.

***The Second, Third, and Fifth claims fail because they are based on statutes for which no private rights of action exist.*** The Second and Third claims are based on "15 U.S.C. § 13a." Only the Department of Justice is entitled to bring claims under this provision. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373 (1958). Similarly, the Fifth claim fails because it is based on Section 5 of the FTC Act, and only the FTC can bring claims under that statute. *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 449 F.2d 232, 237 (2nd Cir. 1974).

***The Seventh claim does not state a claim under GBL §349.*** Plaintiff brings a claim under New York's consumer protection statute on the ground that Apple represented that "the iPhone was worth the price that they had paid for [it]." (Compl., ¶ 68.) Plaintiff nowhere claims that such an alleged representation would be false. In any event, plaintiff's argument would turn section §349 into an "automatic refund" statute whenever a manufacturer lowered its price, and thus it should be rejected.

***All claims against Mr. Jobs fail.*** Other than naming Mr. Jobs as a defendant, the Complaint is silent as to his alleged conduct. All claims against Mr. Jobs should be dismissed.

For the foregoing reasons, Apple respectfully seeks a conference to set a briefing schedule for Apple's motion to dismiss. If granted leave, Apple will be in a position to file its motion promptly. In addition, Apple respectfully requests that the initial scheduling conference, currently scheduled for January 11, 2008, be adjourned pending resolution of the motion.

Respectfully submitted,

/s/ Michael B. Miller

Michael B. Miller

cc: C. Jean Wang, Esq.; David J. Antczak, Esq. (Via ECF)

ny-787986