**DrinkerBiddle&Reath**
<br>L L P

Andrew B. Joseph
973-549-7264
andrew.joseph@dbr.com

*Law Offices*

140 Broadway

39TH Floor

New York, NY

10005-1116

212-248-3140

212-248-3141 fax

www.drinkerbiddle.com

PHILADELPHIA

WASHINGTON

LOS ANGELES

SAN FRANCISCO

CHICAGO

PRINCETON

FLORHAM PARK

BERWYN

WILMINGTON

December 6, 2007

**<u>Via ECF and Federal Express</u>**

Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York  11722

     Re:    <u>*Li v. Apple Inc.*, et al., No. 07-cv-04005-LDW-ETB</u>

Dear Judge Wexler:

     This firm represents defendant AT&T Inc. ("AT&T") in the above-referenced action.  AT&T writes to join in the December 5, 2007 request from counsel for defendants Apple Inc. and Steve Jobs (collectively, "Apple") for a pre-motion conference seeking leave to file a motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss all of plaintiff's claims in this action.

     Apple's letter amply summarizes the allegations of the Complaint; AT&T will not repeat them here.  The anticipated bases for AT&T's motion to dismiss are as follows:

     1.     **Plaintiff Has Sued the Wrong Party.**  As a threshold matter, all of plaintiff's claims against AT&T must be dismissed because AT&T is not the provider of wireless services for Apple iPhone users; AT&T Mobility LLC (formerly known as "Cingular Wireless"), a separate company that is indirectly owned by AT&T, does.  Indeed, plaintiff's wireless terms of service (*i.e.*, the contract to which she refers in the Complaint) state that her wireless services are provided by AT&T Mobility.  By letter dated October 29, 2007, we brought this error to plaintiff's attention and even proposed a written stipulation for the substitution of AT&T Mobility (whom we also represent) as a defendant in place of AT&T.  Plaintiff, however, has neither responded to that letter and stipulation nor returned our telephone calls.  While AT&T believes that this issue should not be controversial, if plaintiff refuses to address it prior to or during the pre-motion conference, AT&T will seek dismissal of all of the claims against AT&T on this ground.  *See, e.g., Chrobak v. Hilton Group PLC*, No. 06-1916, 2007 WL 2325913, at \*4 (S.D.N.Y. Aug. 15, 2007) ("[I]t is well settled that service of process on a parent corporation does not constitute service on a subsidiary.").

     2.     **Plaintiff's Three Claims Against AT&T Fail as Matter of Law**.  Even if plaintiff were to file an amended complaint that properly names AT&T Mobility in place of AT&T, we submit that the amendment would be futile because her three claims against AT&T (the Fourth, Fifth and Sixth Claims of the Complaint) are not viable.

*Established*
*1849*

a.      As Apple explained in its letter, Plaintiff's Fourth Claim based on an alleged "sale on agreement not to use competitor's goods" under Section 3 of the Clayton Act, 15 U.S.C. § 14, fails because it does not allege a relevant market or the presence of market power in any relevant market. *See Illinois Tool Works v. Independent Ink, Inc.*, 547 U.S. 28, 46 (2006); *see also E&L Consulting, Ltd. v. Domain Indus. Ltd.*, 360 F. Supp. 2d 465, 474 (E.D.N.Y. 2005) (dismissal pursuant to Rule 12(b)(6) is appropriate for failure to allege relevant market). In addition, any claim under Section 3 of the Clayton Act involving AT&T Mobility's provision of wireless services to plaintiff fails because Section 3 reaches only contracts dealing with the sale of "goods . . . or other commodities" and does not apply to the sale of "services." *Hudson Valley Asbestos Corp. v. Tougher Heating & Plumbing Co., Inc.*, 510 F.2d 1140, 1145 (2d Cir. 1975).

b.      Plaintiff's Fifth Claim – a purported claim under Section 5 of the FTC Act, 15 U.S.C. § 45 – fails for the fundamental reason that Apple identified: it is settled law that there is no private right of action under Section 5 of the FTC Act. *FTC v. Klesner*, 280 U.S. 19, 25 (1929); *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 499 F.2d 232, 237 (2d Cir. 1974).

c.      Plaintiff's Sixth Claim fails because plaintiff does not allege a viable cause of action under the Federal Communications Act, 47 U.S.C. § 202. Section 202(a) prohibits a common carrier such as AT&T Mobility from unreasonably discriminating between customers in connection with the provision of "like communications service." 47 U.S.C. § 202(a). Here, plaintiff alleges no such discrimination. Instead, she complains about Apple's reduction in its sales price of the iPhone device. Because there is no allegation that AT&T Mobility treated plaintiff differently than other similarly situated subscribers in connection with her receipt of wireless services, her claim under Section 202 should be dismissed. *See American Message Ctrs. v. FCC*, 50 F.3d 35, 40 (D.C. Cir. 1995).

*              *              *

Based on the foregoing, AT&T joins Apple in respectfully requesting that the Court hold a pre-motion conference to establish a schedule for briefing the defendants' contemplated motions to dismiss. Moreover, given that all of the defendants seek to file motions that, if granted, would dispose of this action in its entirety, AT&T joins in

DrinkerBiddle&Reath
LLP

Apple's request that the Court adjourn the January 11, 2008 initial scheduling conference pending resolution of the motions.

Respectfully submitted,

Andrew B. Joseph

ABJ

cc:     C. Jean Wang, Esquire (via ECF)
        Michael B. Miller, Esquire (via ECF)