**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA,
ORANGE COUNTY, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

January 22, 2008

Writer's Direct Contact
212.468.8009
MBMiller@mofo.com

Hon. Leonard D. Wexler
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   *Li v. Apple Inc., et al.*, Case No. CF-07-04005 (LDW)(ETB)

Dear Judge Wexler:

We represent defendants Apple Inc. and Steve Jobs (collectively "Apple") in the above-captioned action. Pursuant to your Honor's Individual Practices, we write on behalf of defendants to oppose the requests in plaintiff's January 16 letter to the Court seeking (i) a pre-motion conference to discuss plaintiff's request to file a class certification motion in this case and (ii) reconsideration of your Honor's order staying discovery pending the outcome of defendants' motions to dismiss. We also address plaintiff's misrepresentations concerning the notice and scheduling of the pre-motion conference on defendants' motions to dismiss that took place on January 10.

*First*, plaintiff's request for leave to file a motion for class certification should be denied for the simple reason that this case is not a putative class action. Plaintiff has brought this action in her individual capacity only, as a single individual who bought a single 4 gigabyte iPhone. The Complaint is not styled as a class action, and is devoid of any allegations regarding class definition or any other class allegation.

Nor could this action be asserted as a class action even if plaintiff had actually tried to do so. Plaintiff's principal claims are brought under the Robinson-Patman Act. (*See* Compl., ¶¶ 23-45.) Courts have long recognized that Robinson-Patman Act claims are inherently unsuited for class action treatment because of the individual nature of virtually every element of the claim. *See, e.g.*, *O'Connell v. Citrus Bowl, Inc.*, 99 F.R.D. 117, 125 (E.D.N.Y.); *Boro Hall v. Metropolitan Tobacco Co.*, 74 F.R.D. 142, 145 (E.D.N.Y 1977). It is equally well established that plaintiff's claim under section 349 of New York's General Business Law cannot be maintained as a class action. *See Leider v. Ralfe*, 387 F. Supp. 2d 283, 295 (S.D.N.Y. 2005).

*Second*, plaintiff's request to reconsider your Honor's order staying discovery pending the outcome of defendants' motions to dismiss should be denied because plaintiff has not set forth any grounds that would justify reconsideration pursuant to Local Civil Rule 6.3, or why discovery should not in fact be stayed pending resolution of the defendants' motions to

ny-795784

dismiss. Defendants, by contrast, set forth during the January 10 conference and in their own pre-motion letters to the Court a persuasive case in support of a stay of discovery.

In their pre-motion letters to the Court, all defendants set forth substantial reasons demonstrating that the Complaint is on its face unmeritorious, and plaintiff failed to provide any response to those pre-motion letters as required by your Honor's Individual Practices. The case is at its earliest stage, and so there can be no prejudice to plaintiff in staying discovery. Moreover, although plaintiff failed to meet and confer with defendants on discovery issues, given the Complaint's complete lack of merit any discovery at this stage would unfairly burden the defendants. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1967 (2007) (noting the importance of requiring a pleading that actually states a claim for relief before undertaking "the expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence") (quotations omitted). Defendants have shown that this is precisely the sort of case in which it is appropriate to stay discovery pending resolution of the motion to dismiss. *See Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y.1991).

*Finally*, Ms. Wang now suggests for the first time that she failed to appear at the pre-motion conference as ordered by the Court because of some lack of clarity by Mr. Ausili in the telephone call in which the conference was scheduled. In fact, Mr. Ausili could not have been clearer during that telephone call. The majority of that call was comprised of Ms. Wang's repeated demands to hold the conference on January 11 and Mr. Ausili's repeated responses that your Honor was simply not available that day. It was at Ms. Wang's specific request that the conference was scheduled for January 10, rather than the date initially offered by Mr. Ausili. Mr. Ausili also specifically told Ms. Wang that if it was still necessary for the parties to see the Magistrate Judge, that they could do so immediately after the pre-motion conference (your Honor may recall that that is exactly what happened after the pre-motion conference).

Even more tellingly, Ms. Wang had agreed to meet and confer with defendants by phone on the afternoon of January 9. Ms. Wang failed to join that scheduled conference call. When defendants called Ms. Wang's office to find out why she had not joined the call, her receptionist told us that Ms. Wang was in court. But the receptionist told us that Ms. Wang knew that we would call her office when she did not show up, and had expressly asked her receptionist to relay a specific message to us when we called. The message that Ms. Wang asked her receptionist to relay to defendants on January 9 was this: "She says that she will talk to you tomorrow in Court."

MORRISON | FOERSTER

Hon. Leonard D. Wexler
Page Three

For the foregoing reasons, defendants respectfully submit that plaintiff's requests should be denied in their entirety.

Respectfully submitted,

/s/ Michael B Miller

Michael B. Miller


cc: All Counsel (Via ECF)