

153 East 53rd Street, 31st Floor, New York, NY 10022-4611 ▪ p212 223-4000 ▪ f212 223-4134

Timothy J. Fierst
(212) 895-4263
tfierst@crowell.com

January 23, 2008

**VIA ECF AND FEDERAL EXPRESS**
The Honorable Leonard D. Wexler
United States District Judge
Alfonse D'Amato Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

Re: Li v. Apple, Inc. et. al.
    Case No. CV-07-4005 (LDW)(ETB)

Dear Judge Wexler:

    This firm represents the defendant AT&T Inc. ("AT&T") in the above-captioned action. This letter is respectfully submitted pursuant to Your Honor's Amended Rules in response to and in opposition to the plaintiff's letter dated January 16, 2008 (the "Plaintiff's Letter") which requests (i) a pre-motion conference seeking leave to file a motion for class certification and (ii) a reconsideration of Your Honor's January 10, 2008 Order staying discovery during the pendency of AT&T's motion to dismiss the complaint filed in this action which was granted during AT&T's pre-motion conference held on the same date. For the reasons set forth herein, and for the reasons contained within the letter dated January 22, 2008 from Michael B. Miller, Esq. of Morrison Foerster, counsel for the defendants Apple Inc. and Steve Jobs (collectively, "Apple") which are adopted herein (the "Apple Letter"), the requests contained within Plaintiff's Letter should be denied in their entirety.

    Plaintiff's counsel continues in her refusal to meet and confer and address fundamental deficiencies with her Complaint including those addressed in this letter. As indicated within AT&T's request for a pre-motion conference, Plaintiff has named the wrong parties in this action, three of her seven counts do not even allow for a private cause of action, and now, Plaintiff asks for leave to file a motion for class certification, despite the fact that her complaint does not contain a single class allegation.

    Plaintiff's counsel has failed to provide any basis for her anticipated motion as required by Rule 2(B) of Your Honor's Amended Rules. Indeed, Plaintiff has provided no basis in law for their anticipated motion but has merely alleged supposition and self serving conclusions of fact. It is respectfully submitted that this fact alone requires denial of Plaintiff's requests.

Crowell & Moring LLP ▪ www.crowell.com ▪ Washington, DC ▪ California ▪ New York ▪ London ▪ Brussels

Further, this action is not a class action. See Complaint, Dkt. Entry #1. In fact, Plaintiff has only brought this action in her own individual capacity and the Complaint is devoid of any class allegations or attempt at defining any purported class. Indeed, Plaintiff has not shown how it complies with its obligation to satisfy all of the elements contained within Fed. R. Civ. P. 23(a) and any one of the elements enumerated within Fed. R. Civ. P. 23(b) to properly maintain a class action. Lacking these requisite showings, the Plaintiff may not maintain a class action and its request for leave to file a motion to certify a purported class must be denied. *See, O'Connell v. Citrus Bowl, Inc.*, 99 F.R.D. 117, 122 (E.D.N.Y. 1983); *see also Boro Hall v. Metropolitan Tobacco Co., Inc.*, 74 F.R.D. 142 E.D.N.Y. 1977); *Baim & Blank, Inc. v. Watten-Connelly Co., Inc*, 19 F.r.D.108 (E.D.N.Y. 1956).

Additionally, Plaintiff requests that Your Honor reconsider your Order dated January 10, 2008 staying discovery during the pendency of AT&T and Apple's motion to dismiss the complaint. This request should be denied.

It is clear that a party seeking reconsideration of an order of the Court must show that the Court overlooked controlling decisions or factual matters that may have materially influenced its earlier decision. *See Nat'l. Assoc. of College Bookstores, Inc. v. Cambridge University Press*, 990 F. Supp. 245, 254 (S.D.N.Y. 1997); *see also E.D.N.Y. Local Civil Rule 6.3*.

Plaintiff has not set forth any controlling decision or fact that may have materially altered this Court's ruling on January 10, 2008. Indeed, Plaintiff has not set forth any reason why discovery should not be stayed pending AT&T and Apple's respective motions to dismiss the Complaint.

During AT&T and Apple's pre-motion conference held on January 10, 2008, counsel for both AT&T and Apple appeared and presented compelling reasons why discovery should be stayed during the pendency of their motions. Indeed, AT&T set forth compelling reasons why the Complaint should be dismissed within its request for a pre-motion conference. Tellingly, Plaintiff never responded to AT&T's request for a pre-motion conference and never opposed or even addressed the positions taken by AT&T within its December 6, 2007 letter seeking dismissal of Plaintiff's specious Complaint. Such silence, taken in conjunction with Plaintiff's counsel's failure to appear at the January 10, 2008 pre-motion conference is deafening.

As indicated throughout these proceedings, Plaintiff's counsel has failed and refused to meet and confer with counsel for AT&T and Apple during all scheduled conference calls and meetings. Now, quite disingenuously, counsel alleges that her failure to appear at the January 10, 2008 conference is due to misinformation provided by Your Honor's clerk.

As indicated by counsel for Apple, scheduling of the January 10, 2008 conference could not have been clearer. Counsel for AT&T was also on the phone on January 9th, when Ms. Wang's assistant informed counsel that she would not be attending the meet and confer, but would speak with counsel "tomorrow" in court. Moreover, I personally telephoned Plaintiff's counsel's office the morning of the conference while at the courthouse. After identifying myself to counsel's office and inquiring whether counsel was appearing before Your Honor, I was

informed that counsel was not appearing and she was in "state" court. To date, counsel has neither provided the Court with an Certification of Actual Engagement or any other explanation for her non-appearance except for alleged misinformation obtained during a call with Your Honor's clerk. No other party involved with that same call was "misinformed."

This case is at the very early stages, as the Complaint has recently been served. The request for the pre-motion conference was timely issued by AT&T pursuant to Your Honor's Amended Rules, thus timely pursuant to the time constraints contained within Fed. R. Civ. P. 12. Considering the fact that this action is in its infancy, there is no prejudice to Plaintiff by the granting of a stay of discovery during the pendency of AT&T's motion to dismiss. Considering the fact that AT&T has clearly shown the complete lack of merit of Plaintiff's Complaint within its December 6, 2007 request for a pre-motion conference, any discovery at this stage would unfairly burden AT&T. *See Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1967 (2007). Accordingly, as the Complaint lacks merit and counsel has failed to respond to AT&T's requests to meet and confer, a stay of discovery is appropriate pending resolution of AT&T's motion to dismiss. *See Telesca v. The Long Island Housing Partnership, Inc.*, 2006 Lexis 24311 *3[1], citing *Hachette Distribution, Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Plaintiff's counsel has pointed to no reason to reconsider this Court's January 10, 2008 Order.

Therefore, for the reasons set forth above and the reasons contained within Apple's Letter, AT&T respectfully requests that Plaintiff's requests be denied in their entirety.

Respectfully submitted,

Timothy J. Fierst (TJF:3247)

cc:     Counsel of Record (Via ECF)

---

[1] A copy of this decision is included herewith.

LEXSEE 2006 U.S. DIST. LEXIS 24311

MARIA TELESCA, Plaintiff, -against- THE LONG ISLAND HOUSING
PARTNERSHIP, INC., BAY SHORE PARTNERSHIP HOUSING
DEVELOPMENT FUND COMPANY, INC., TOWN OF ISLIP, BEECHWOOD
SOUTH WIND BUILDING CORP., NEW YORK STATE DIVISION OF
HOUSING AND COMMUNITY RENEWAL, and TOWN OF HUNTINGTON,
Defendants.

CV 05-5509 (ADS) (ETB)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW
YORK

2006 U.S. Dist. LEXIS 24311

April 27, 2006, Decided

**SUBSEQUENT HISTORY:** Complaint dismissed at, in part, Motion denied by *Telesca v. Long Island Hous. P'ship,* 2006 U.S. Dist. LEXIS 56160 (E.D.N.Y., Aug. 12, 2006)

**COUNSEL:** [*1] For Maria Telesca, Plaintiff: Lee David Vartan, Friedman Kaplan Seiler & Adelman LLP, New York, NY.

For The Long Island Housing Partnership, Inc., Defendant: Peter L. Contini, L'abate, Balkan, Colavita & Contini, L.L.P., Garden City, NY.

For Town of Islip, Defendant: William D. Wexler, William D. Wexler, Esq., North Babylon, NY.

For Beechwood South Wind Building Corp., Defendant: Andrew L. Richards, Keith J. Gutstein, Kaufman, Schneider & Bianco, LLP, Jericho, NY.

For New York State Division of Housing and Community Renewal, Defendant: Toni E. Logue, NYS Attorney General's Office, Mineola, NY.

For Town of Huntington, Defendant: Margaret L. Pezzino, Town of Huntington, Huntington, NY.

**JUDGES:** E. Thomas Boyle, United States Magistrate Judge.

**OPINION BY:** E. Thomas Boyle

**OPINION**

*MEMORANDUM OPINION and ORDER*

Presently before the Court is a motion by defendants The Long Island Housing Partnership, Inc. ("LIHP"), Bay Shore Partnership Housing Development Fund Company, Inc. ("Bay Shore Partnership"), Town of Islip, Beechwood South Wind Building Corp. ("Beechwood"), New York State Division of Housing and Community Renewal ("DHCR"), and Town of Huntington (collectively, "defendants") [*2] to stay discovery during the pendency of the defendants' motion to dismiss, now before District Judge Spatt. (Letter from Peter L. Contini to the undersigned, dated March 17, 2006 ("Defs.' Mot.").)

In her complaint, plaintiff Maria Telesca ("Telesca"), an individual with a disability, alleges that the defendants violated *Section 504* of the Rehabilitation Act of 1973 and its implementing regulations when they failed to: "(1) make 5% of homeowner units constructed with federal funds fully accessible to those with mobility impairments and 2% accessible to those with visual and auditory impairments; (2) affirmatively market those accessible homeowner units to persons with disabilities; and (3) administer the lottery for those homeowner units in [a] manner that ensured persons with disabilities had access to them." (Letter from Lee D. Vartan to the undersigned, dated March 24, 2006 ("Pl.'s Opp'n"), at 2.)

Defendants argue that proceeding with discovery at this point would be costly and unduly burdensome, in light of the pending motions to dismiss. (Defs.' Mot. at 3.) Defendants further argue that plaintiff will not be prejudiced by a stay of discovery considering the amount of time [*3] that plaintiff waited to file her complaint (the source of plaintiff's complaint, the denial of the purchase of a townhouse, occurred in November 2001, and plaintiff's complaint was not filed until November 2005). (*Id.*)

## DISCUSSION

Under *Federal Rule of Civil Procedure 26(c)*, a district court may stay discovery during the pendency of a motion to dismiss for "good cause shown." *In re Currency Conversion Fee Antitrust Litig., 2002 U.S. Dist. LEXIS 974, No. MDL 1409, M21-95, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002); United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999); Moore v. Painewebber, Inc., 1997 U.S. Dist. LEXIS 203, No. 96 Civ. 6820, 1997 WL 12805, at *1 (S.D.N.Y. Jan. 14, 1997)*. It is black letter law that the mere filing of a motion to dismiss the complaint does not constitute "good cause" for the issuance of a discovery stay. *In re Currency Conversion Fee, 2002 U.S. Dist. LEXIS 974, No. MDL 1409, M21-95, 2002 WL 88278, at *1; County of Nassau, 188 F.R.D. at 188; Moore, 1997 U.S. Dist. LEXIS 203, 1997 WL 12805, at *1*. Rather, good cause "'requires a showing of facts militating in favor of the stay.'" *In re Currency Conversion Fee, 2002 U.S. Dist. LEXIS 974, 2002 WL 88278,* [*4] *at *1 (quoting American Booksellers Ass'n v. Houghton Mifflin Co., 1995 U.S. Dist. LEXIS 2044, No. 94 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995))*. Factors that courts have considered when determining whether or not a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *In re Currency Conversion Fee, 2002 U.S. Dist. LEXIS 974, 2002 WL 88278, at *1*. Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation. *Hachette Distribution, Inc. v. Hudson County News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991)*.

Here, all six defendants have joined in the request, and they all raise substantial issues with regard to the viability of plaintiff's complaint. In particular, defendants LIHP and Bay Shore Partnership note that plaintiff filed a similar complaint with the United States Department of Housing and Urban Development ("HUD") and the [*5] New York State Division of Human Rights ("DHR"), and that HUD and the DHR issued a preliminary finding which stated that plaintiff failed to complete the application process. [1] (Defs.' Mot. at 2.) LIHP and Bay Shore Partnership contend that because, according to them, plaintiff failed to complete the application process, she cannot allege that she was denied an accessible townhouse solely due to her disability. (*2002 U.S. Dist. LEXIS 974, [WL] at *3.*) LIHP and Bay Shore Partnership also argue that *Section 504* of the Rehabilitation Act of 1973 does not apply to ownership, as opposed to rental, units (HUD reached this conclusion as well in its preliminary finding), and thus there is no merit to plaintiff's Rehabilitation Act claim. (*2002 U.S. Dist. LEXIS 974, [WL] at *2-3.*)

    1  Plaintiff notes that her appeal of HUD's preliminary finding has been pending since September 2003. (Pl.'s Mem. in Opp'n at 3.)

The remaining four defendants, who argue generally that they are only peripherally connected to the conduct at issue in the complaint, have made adequate showings [*6] that the plaintiff's claims against them are potentially without merit. Specifically, the Town of Islip contends that plaintiff's only allegation against it is that Islip contributed $ 1.5 million to the project; defendant Beechwood contends that it was simply the general contractor for the project and had no involvement with the project other than the construction of the units; defendant DHCR argues that plaintiff's only factual allegation against it is that DHCR serves as a conduit for federal funding to co-defendant LIHP; and the Town of Huntington argues that it played no role in funding the project or conducting the lottery, and that the Huntington Community Development Agency, which facilitated the lottery, is not an agent of the Town of Huntington. (*2002 U.S. Dist. LEXIS 974, [WL] at *3-5.*) Defendants' arguments do not appear to be frivolous or unfounded, and a review of the complaint supports the general contention that the bulk of plaintiff's allegations appear to be directed to defendants LIHP and Bay Shore Partnership.

This is a complex case that involves six defendants,

including two towns, two not-for-profit corporations, and a state agency. All parties will necessarily incur substantial expenses [*7] if and/or when discovery is conducted, and the plaintiff has failed to demonstrate that a stay of discovery, for the purposes of avoiding such expenses during the pendency of the motions to dismiss, would be unfairly prejudicial. *See United States v. County of Nassau, 188 F.R.D. 187, 188-89 (E.D.N.Y. 1999)* (granting a stay of discovery during the pendency of a motion to dismiss where the "interests of fairness, economy, and efficiency... favored the issuance of a stay of discovery," and where the plaintiff failed to claim prejudice in the event of a stay).

*CONCLUSION*

For the foregoing reasons, defendants' motion to stay discovery during the pendency of the motions to dismiss is granted.

SO ORDERED:

Dated: Central Islip, New York

April 27, 2006

E. Thomas Boyle

United States Magistrate Judge