

36-25 MAIN STREET, THIRD FLOOR
FLUSHING, NEW YORK 11354
PHONE: (718) 353-9264
FACSIMILE: (718) 353-2099
EMAIL: HELP@MEIGUOFA.COM

VIA FIRST CLASS MAIL AND EMAIL

January 29, 2008

Honorable Judge Leonard D. Wexler
U.S. District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: LETTER RESPONDING TO DEFENDANTS' OPPOSITION LETTERS
    Li v. Apple Inc., et al.
    Case No. CV 07-4005

Dear Honorable Judge Wexler:

We represent plaintiff Dongmei Li in the aforementioned action. We are writing this letter in response to defendants' letters dated January 22, 2008 and January 23, 2008 which oppose the requests in our January 16 letter to the Court seeking (1) request a pre-motion conference for the filing of a MOTION FOR CLASS CERTIFICATION and (2) request reconsideration of the January 10, 2008 decision to delay discovery.

        I.     MOTION FOR CLASS CERTIFICATION

"A court must carefully examine the class on whose behalf plaintiff sues, to decide if it is a true class and if the plaintiff is the proper representative. In conducting this examination, the district court is not bound by the four corners of the complaint. Rather, it should investigate the underlying facts to determine whether the proposed class is a true class and if the plaintiff is a proper representative." DuPont v. Perot, 59 F.R.D. 404, 409, (S.D.N.Y. 1973) (citations omitted). "Allegations of antitrust conspiracy are not alone sufficient to establish a preponderance of common questions. On the contrary, it is appropriate to look beyond the simple allegation of conspiracy to determine whether the 'impact' or 'injury' said to have." In re Alcoholic Beverages Litigation, 95 F.R.D. 321, 327 (E.D.N.Y. 1982) (citations omitted).

Class certification of antitrust claims are proper and common. "…As a general rule, 'an illegal price-fixing scheme presumptively impacts upon all purchasers of a price-fixed product in a conspiratorially affected market.'" Id. at 327.

Class certification of N.Y. Gen. Bus. Law § 349 claims are permitted. "N.Y. C.P.L.R. § 901(b) does not bar class certification where the plaintiff--as the plaintiffs here have agreed--waives his/her right to recover the penalty." Leider v. Ralfe, 387 F.Supp.2d 283, 293 (S.D.N.Y. 2005). Courts have class-certified N.Y. Gen. Bus. Law "§ 349 claims based on anticompetitive conduct where the antitrust



36-25 MAIN STREET, THIRD FLOOR
FLUSHING, NEW YORK 11354
PHONE: (718) 353-9264
FACSIMILE: (718) 353-2099
EMAIL: HELP@MEIGUOFA.COM

allegations were imbued with a degree of subterfuge." Leider, at 295 (S.D.N.Y. 2005).

Plaintiff has stated the Fed. R. Civ. P. 23 (a) grounds for the proposed class certification motion in her letter dated January 16, 2008. Pursuant to Fed. R. Civ. P. 23 (b) (1) (B) and Fed. R. Civ. P. 23 (b) (3):

1. A decision by any Judge that defendants' acts in the sale of the iPhone did not violate federal antitrust and anticompetitive laws would be the death knell for the many other purchasers of the iPhone throughout the country.

2. There are no questions affecting individual members but only the common facts of the sale and purchase of the iPhone, and thus the common laws that these acts violate predominate.

3. Class action would be the most efficient method for litigating the issues compared to a multiplicity of duplicative discovery and motion practice.

4. Finally, the desirability of concentrating the litigation of these issues in one jurisdiction rather than spreading them out throughout the multitude of district courts in the U.S. with class members.

Defendants have not stated why plaintiff's grounds for class certification do not, if proven true, satisfy Fed. R. Civ. P. 23.

The Court's rules require the prospective movant to "submit a letter not to exceed three (3) pages in length setting forth the basis for the anticipated motion." See, Local Rule of Judge Wexler § 2. Other than stating the grounds for the proposed motion, movant could not possibly limits its affidavits, evidence, and other supporting documentation for class certification to three pages, which will be provided in the actual motion pursuant to Fed. R. Civ. P. 10.

Even if the Court determines that plaintiff is required to make class certification allegations in its complaint, plaintiff has brought this action on behalf of a class.

In our Complaint, plaintiff has made class certification allegations by repeatedly using the term "early purchasers of iPhone" throughout the Complaint instead of simply "plaintiff." For instance, "Apple's discrimination in price between early and later purchasers substantially caused the early purchasers to be injured because early purchasers cannot resell their iPhones for the same profit as later purchasers." See eg., Complaint ¶¶ 28, 35, 36, 37.

Even if the Court determines that plaintiff is required to make class certification, the adequate remedy would be for the Court to permit plaintiff to amend its complaint.



36-25 MAIN STREET, THIRD FLOOR
FLUSHING, NEW YORK 11354
PHONE: (718) 353-9264
FACSIMILE: (718) 353-2099
EMAIL: HELP@MEIGUOFA.COM

II.   DISCOVERY

The Court's rules state: "Discovery in cases before Judge Wexler is expected to be completed within nine months of the conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure." See, Local Rule of Judge Wexler § 3.  Defendants' delay of discovery prevents plaintiff from reaching the Court's nine-month goal.

    Sincerely,

    /s/ C. Jean Wang

    Chunyu Jean Wang, Esq.
    Wang Law Office, PLLC

Cc.:   Michael B. Miller
    Attorney for Defendants Apple Inc. and Steve Jobs
    1290 Avenue of the Americas
    New York, NY 10104-0050
    Email: mbmiller@mofo.com

    Timothy Fierst
    Attorney for Defendant AT&T Inc.
    153 East 53 St., 31st Fl.
    New York, NY 10022
    Email: tfierst@crowell.com