UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DONGMEI LI,

                                     Plaintiff,

          -against-                                              CASE NO. 07-CV-4005

APPLE INC.;
STEVE JOBS, Chief Executive Officer of Apple Inc.;
AT&T INC.,

                                     Defendants.
-----------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

Dockets.Justia.com

# TABLE OF CONTENTS

I.      INTRODUCTION…………………………………………………………...……3

II.     ARGUMENT………………………………………………………………..…………3

III.    CONCLUSION……………………………………………………..…..……8

# TABLE OF AUTHORITIES

*Bristol-Myers Co., v. F.T.C.*, 469 F.2d 1116 (2d Cir. 1972)………………………………………6

*Capital Ford Truck Sales, Inc. v. Ford Motor Co.,* 819 F. Supp 1555 (N.D. Ga. 1992) …….…….4

*Falls City Industries, Inc. v. Vanco Beverage, Inc.*, 460 U.S. 428, 436 (1983)……………………4

*FTC v. Morton Salt Co.,* 334 U.S. 37, 49 (1948)…………………………………………………4

*F.T.C. v. Sun Oil Co.*, 371 U.S. 505 (1963)………………………………………………………4

*Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999)……………………………………3

*Indiana Manufactured Housing Ass'n Inc. v. F.T.C.*, 641 F.2d 481 (7th Cir. 1981)………………6

*Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 382 (1958)…………………………………5

*Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.Supp.2d 439, 445 (S.D.N.Y. 2005)………...7

*Taiyo Trading Co. v. Northam Trading Corporation*, 1 F.R.D. 382, 383 (S.D.N.Y. 1940)………7

*Todd v. Exxon Corp*., 275 F.3d 191, 198 (2d Cir. 2001)………………………………….………3

*U.S. v. International Business Machines Corporation*, 13 F.Supp. 11, 17-18 (D.C.N.Y. 1935)…..6

Plaintiff, by and through her undersigned attorney, hereby submits this Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

## I. INTRODUCTION

On a motion to dismiss, defendants must assume the allegations that plaintiff made in its complaint are true and prove that plaintiff cannot show beyond a doubt that plaintiff will not prove its case. "On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. The district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1999). "No heightened pleading requirements apply in antitrust cases. A short plain statement of a claim for relief which gives notice to the opposing party is all that is necessary in antitrust cases, as in other cases under the Federal Rules. Furthermore, in antitrust cases in particular, the Supreme Court has stated that 'dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly.' " Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (internal citations omitted). Alternatively, if this Court finds that plaintiff's complaint is insufficient, plaintiff has the right to amend its complaint as a matter of course since defendants have yet to serve an answer. Fed. R. Civ. P. 15(a)(1).

## II. ARGUMENT

### A. First Claim – Price Discrimination

Plaintiff alleged in its complaint each and every element of a secondary and tertiary-line price discrimination claim under the Robinson-Patman Act, 15 U.S.C.A. § 13. "Secondary-line

price discrimination, occurs when a seller's discrimination impacts competition among the seller's customers; i.e. the favored purchasers and disfavored purchasers." <u>See</u>, <u>e.g.</u>, <u>F.T.C. v. Sun Oil Co.</u>, 371 U.S. 505 (1963). "In order to establish secondary-line price discrimination under section 2(a), a plaintiff has the burden of establishing four facts: (1) that seller's sales were made in interstate commerce; (2) that the seller discriminated in price as between the two purchasers; (3) that the product or commodity sold to the competing purchasers was of the same grade and quality; and (4) that the price discrimination had a prohibited effect on competition." <u>Id.</u> at 141. "Tertiary-line violation, occurs when the seller's price discrimination harms competition between customers of the favored and disfavored purchasers, even though the favored and disfavored purchasers do not compete directly against another." <u>Falls City Industries, Inc. v. Vanco Beverage, Inc.</u>, 460 U.S. 428, 436 (1983). With secondary and tertiary-line price discrimination, there is an inference of injury to competition from evidence of substantial price difference over time. <u>See</u>, <u>FTC v. Morton Salt Co.</u>, 334 U.S. 37, 49 (1948). The time of the price differential only requires that the sales occur reasonably contemporaneous to each other (<u>Capital Ford Truck Sales, Inc. v. Ford Motor Co.</u>, 819 F. Supp 1555 (N.D. Ga. 1992). "Contemporaneous" can be as far apart as a year. <u>Id</u>. at 1575.

A copy of the complaint is attached herein as Ex. A. On or about July 2, 2007, Plaintiff went to one of Apple's retail stores to purchase an 8 GB iPhone for $599. Plaintiff waited on line for hours. When it was her turn, she was told that the 8 GB iPhones were sold out and that only the 4 GB iPhones remained. She purchased the 4 GB iPhone for $499. (Compl. at ¶ 11.) On September 5, 2007, about two months after iPhone's debut, Apple announced the company was cutting the price of its 8 GB iPhone. (Compl. at ¶ 16.)

Apple's price reduction has hurt early purchasers' competition with Apple because they

cannot resell it for as high a profit as they could have before the price cut. (Compl. at ¶ 21.) Apple's price reduction has hurt early purchasers' competition with later purchasers because they cannot resell their iPhones for as low a price as later purchasers may. (Compl. at ¶ 22.) Apple discriminated in price between early purchasers of the 8 GB iPhone and later purchasers of the 8 GB iPhone because within just two months after Apple sold its 8 GB iPhone for $599, it reduced its price by $200 to $399. (Compl. at ¶ 24.) Apple sold its iPhones in the course of commerce. (Compl. at ¶ 25.) Apple sold its iPhones for use in the U.S. (Compl. at ¶ 26.) Early purchasers competed with later purchasers for the iPhone. (Compl. at ¶ 27.) Apple's discrimination in price between early and later purchasers substantially caused the early purchasers to be injured because early purchasers cannot resell their iPhones for the same profit as later purchasers. (Compl. at ¶ 28.)

**B. Second and Third Claim for Discrimination in Rebate and Underselling**

Plaintiff alleged and has the right to bring forth a complaint alleging each and every element of § 3 of the Robinson-Patman Price Discrimination Act, 15 U.S.C.A. § 13a, when the same practices are forbidden by other antitrust laws. <u>Nashville Milk Co. v. Carnation Co.</u>, 355 U.S. 373, 382 (1958) (emphasis added) does not apply to this case because the petitioner in that case only alleged a violation of § 3 of the Robinson-Patman Act: "We hold that a private cause of action does not lie for practices forbidden *only* by § 3 of the Robinson-Patman Act." <u>Id</u>. at 382 (emphasis added). "…Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefore in any district court of the United States in the district in which the defendant resides…" 15 U.S.C.A. § 15(a).

**C. Fourth Claim – Sale on Agreement Not to Use Competitor's Goods**

Plaintiff alleged in its complaint each and every element of its fourth claim under § 3 of the Clayton Act. Under § 3 of the Clayton Act, plaintiff must show: "[1] That the [wireless service agreement] contained such restrictive clauses or covenants as are referred to in said section, commonly called 'tying clauses'; [2] that there has been, or, now, but for such 'tying clauses', would be, competition in the particular commerce involved; [3] that the 'tying clauses' of this defendant's [wireless service agreements] have substantially lessened competition in such commerce; or that said clauses have tended to create a monopoly therein." U.S. v. International Business Machines Corporation, 13 F.Supp. 11, 17-18 (D.C.N.Y. 1935). Apple has an exclusive agreement with AT&T to distribute iPhone using only AT&T's cellular network. Apple sold iPhone to early purchasers on the condition that purchasers sign up for a two-year wireless service agreement with AT&T. Apple encoded iPhone so that early purchasers could only use AT&T as the carrier of wireless service for its iPhone. (Compl. at ¶ 47.) The effect of Apple and AT&T's prevention of early purchasers from subscribing their iPhones with other carriers of wireless service was to lessen purchasers' choice of wireless service carriers. Thus Apple and AT&T created a monopoly on carriers for the iPhone. (Compl. at ¶ 48.)

**D. Fifth and Sixth Claims – Unfair and Deceptive Acts and Practices and Telecommunications Charges or Service Discrimination**

Plaintiff alleged in its complaint each and every element of its fifth claim and sixth claim. There is a private right of action if plaintiff has exhausted administrative remedies. See, Indiana Manufactured Housing Ass'n Inc. v. F.T.C., 641 F.2d 481 (7th Cir. 1981); see also, Bristol-Myers Co., v. F.T.C., 469 F.2d 1116 (2d Cir. 1972). On September 27, 2007, plaintiff filed a complaint

with the Federal Trade Commission, attached herein as Ex. B.  Defendant AT&T imposed contract

and $175 early-termination fees to plaintiff, prevent plaintiff from using other like communication

service is unfair and deceptive. (Compl. at ¶ 66.)

### E.  Seventh Claim – New York Consumer Protection from Deceptive Acts and Practices

Plaintiff alleged in its complaint each and every element of a seventh claim for violation of

N.Y. Gen. Bus. L. § 349.  "A general allegation of deception states a claim under GBL § 349."

Pelman ex rel. Pelman v. McDonald's Corp., 396 F.Supp.2d 439, 445 (S.D.N.Y. 2005).  Apple

represented to early purchasers that the iPhone was worth the price that they had paid for. (Compl.

at ¶ 68.)   Just two months after their purchases, Apple stopped further production of the 4 GB

model and reduced the price of 8 GB models.  (Compl. at ¶ 69.)

### F.  Complaint Makes Allegations Against All Defendants

"Under the Federal Rules of Civil Procedure, a plaintiff may plead his claim alternatively

and even hypothetically. The particular type of alternative claim which is here presented has long

been used in New York State practice, and has its origin in the English Practice Act."  Taiyo

Trading Co. v. Northam Trading Corporation, 1 F.R.D. 382, 383 (S.D.N.Y. 1940) (internal

citations omitted).  On June 29, 2007 at 6:00 PM, Apple started selling its newest product, iPhone,

in two models, an 8 gigabyte ("GB") model and a 4 GB model. (Compl. at ¶ 10.)   On September 5,

2007, about two months after iPhone's debut, Apple announced the company was cutting the price

of its 8 GB iPhone.  (Compl. at ¶ 16.)    Apple also announced that it would no longer produce the

4 GB version on September 5, 2007. (Compl. at ¶ 17.)  On September 14, 2007, Apple offered

various rebates to early iPhone purchasers. (Compl. at ¶ 20.)  Apple has an exclusive agreement

with AT&T to distribute iPhone using only AT&T's cellular network. Apple sold iPhone to early purchasers on the condition that purchasers sign up for a two-year wireless service agreement with AT&T. Apple encoded iPhone so that early purchasers could only use AT&T as the carrier of wireless service for its iPhone. (Compl. at ¶ 47.) Either or all of the three defendants may be liable for plaintiff's injuries.

### G. AT&T Inc. Is a Proper Defendant

The catalog advertising AT&T's monthly plans for the iPhone and available at any Apple store states: "Minimum new two-year wireless service plan required for both new and existing AT&T customers to activate all iPhone features, including iPod features." See, catalog attached herein as Ex. C. According to AT&T's website, "AT&T is solely owned by AT&T Inc. (NYSE: T) now that the merger between its former parent companies, AT&T Inc. (formerly SBC) and BellSouth (NYSE: BLS) has closed." See, printout of http://www.wireless.att.com/about/, attached herein as Ex. D.

### III. CONCLUSION

On a motion to dismiss, this Court must assume the plaintiff's allegations are true and only grant dismissal if the defendant has proven beyond doubt that plaintiff will not be able to prove any set of facts to support its claims. The Court should deny defendants' motion because assuming that plaintiff's allegations are true, defendant has not demonstrated beyond doubt that plaintiff cannot prove any of its claims.

Dated: February 19, 2008                    Respectfully submitted,

                                            WANG LAW OFFICE, PLLC


                                            By: /s/ C. Jean Wang
                                                   C. Jean Wang, Esq. (CW 2747)

                                                   36-25 Main St. – Third Floor
                                                   Flushing, New York 11354
                                                   (718) 353-9264
                                                   *Attorney for the Plaintiff*

has been compared by me with the original and found to be a true and complete copy.

state that I am

By Attorney

Attorney's
Affirmation

the attorney(s) of record for
in the within action; I have read the foregoing
and know the contents thereof; the same is
true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as
to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

affirm that the foregoing statements are true, under the penalties of perjury.

Dated: 2/19/08

The name signed must be printed beneath

STATE OF                    COUNTY OF                    ss.:

being duly sworn, depose and say: I am
in the within action; I have read

Individual
Verification

the
the foregoing
and know the contents thereof; the same is true to
my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those
matters I believe it to be true.

Corporate
Verification

the                    of
a                    corporation and a party in the within action; I have read the foregoing
and know the contents thereof; and the same is true to my own knowledge,
except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe
it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

The name signed must be printed beneath

STATE OF                    COUNTY OF                    ss.:  (If both boxes are checked, indicate after names, type of service made.)

being sworn, say: I am not a party to the action, am over 18 years
of age and reside at
On                    I served the within

Service
By Mail

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care
and custody of the U.S. Postal Service within this State, addressed to each of the following persons at the last
known address set forth after each name:

Personal
Service on
Individual

by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person
served to be the person mentioned and described in said papers as a party therein:

Sworn to before me on

The name signed must be printed beneath

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DONGMEI LI,

                          Plaintiff,

          -against-                                          CASE NO. 07-CV-4005

APPLE INC.;
STEVE JOBS, Chief Executive Officer of Apple Inc.;
AT&T INC.,

                          Defendants.

------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANTS' MOTION TO DISMISS

WANG LAW OFFICE, PLLC
C. Jean Wang, Esq.
36-25 Main St., Ste. 3A
Flushing, NY 11354
Phone: (718) 353-9264
Fax: (718) 353-2099
Email: help@meiguofa.com

**To**                                    Service of a copy of the within is hereby admitted.

                                          Dated: _____

**Attorney(s) for**                       _____