UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

DONGMEI LI,

    Plaintiff,

v.

APPLE INC.; STEVE JOBS; and
AT&T INC.,

    Defendants.

---

Civil Action No. 07-cv-04005(LDW)(ETB)

# MEMORANDUM OF LAW IN SUPPORT OF AT&T INC.'S MOTION TO DISMISS PLAINTIFF'S FOURTH, FIFTH, AND SIXTH CLAIMS

CROWELL & MORING LLP
Attorneys for Defendant AT&T, Inc.
153 East 53rd Street, 31st Floor
New York, NY 10022
(212) 895-4200

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii
INTRODUCTION ...................................................................................................................... 1
FACTUAL BACKGROUND ..................................................................................................... 2
LEGAL STANDARD ................................................................................................................. 2
ARGUMENT ............................................................................................................................... 3
    I.     Plaintiff's Fifth Claim Must be Dismissed Because Section 5 of the Federal
         Trade Commission Act Does Not Provide a Private Right of Action. ........................... 3
    II.    Plaintiff's Sixth Claim Must be Dismissed Because Plaintiff Has Failed to Allege
         Discrimination of Services Under § 202 of the Telecommunications Act of 1996. ........ 4
    III.   Plaintiff's Fourth Claim Must be Dismissed Because She Has Failed to State A
         Claim Under Section 3 of the Clayton Act. .................................................................... 5
         A.     Section 3 of the Clayton Act Does Not Apply to Services .................................. 5
         B.     Plaintiff Has Failed To Plead the Essential Elements of Market Power in a
              Relevant Market .................................................................................................. 6
    IV.   AT&T Inc. Should Be Dismissed As A Party To The Action. ........................................ 8
         A.     Plaintiff's Conduct Allegations Are Misdirected At AT&T Inc. ......................... 8
         B.     This Court Does Not Have Personal Jurisdiction Over AT&T Inc. ..................... 8
CONCLUSION ......................................................................................................................... 10

# TABLE OF AUTHORITIES

**CASES**

*Alfred Dunhill Ltd. v. Interstate Cigar Co. Inc.*, 499 F.2d 232 (2d Cir. 1974) ............................................................................................................................ 3

*Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007) ................... 2, 3, 10

*Dolan v. Fairbanks Capital Corp.*, 2005 U.S. Dist. LEXIS 45308 (E.D.N.Y. 2005) ............................................................................................................. 3

*E&L Consulting v. Doman Indus., Ltd.*, 360 F. Supp. 2d 465 (E.D.N.Y. 2005), *aff'd*, 2002-2 Trade Cas. (CCH) ¶ 75,530 (2d Cir. 2006) ......................... 7

*Famous Make Commc'ns. Co. Inc. v. Suffolk County Water Auth.*, 1981 U.S. Dist. LEXIS 16936 (E.D.N.Y. 1981) ........................................................... 6

*Global Discount Travel Servs. v. Trans World Airlines*, 960 F. Supp. 701 (S.D.N.Y. 1997) ................................................................................................. 7

*Hudson Valley Asbestos Corp. v. Tougher Heating and Plumbing Co. Inc.*, 510 F.2d 1140 (2d Cir. 1975) ............................................................................. 5

*Illinois Tool Works Inc. v. Independent Ink Inc.*, 547 U.S. 28 (2006) .......................... 6

*In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007) ...................................... 2, 3

*In re Panamsat Corp. v. Comsat Corp.*, 12 F.C.C.R. 6952, 1997 WL 265158 (1997) ..................................................................................................... 5

*Eastman Kodak Co. v. Image Tech. Services, Inc.*, 504 U.S. 451 (1992) ........................ 6

*Landoil Resources Corp. v. Alexander Servs., Inc.*, 918 F.2d 1039 (2d Cir. 1990) .......................................................................................................... 9

*MCI Telecom. Corp. v. F.C.C.*, 917 F.2d 30 (D.C. Cir. 1990) ..................................... 5

*Miller v. Honda Motor Co., Ltd.*, 779 F.2d 769 (1st Cir. 1985) .................................. 9

*Orion Elec. Co., Ltd. v. Funai Elec. Co., Ltd.*, 2002 WL 377541 (S.D.N.Y. March 11, 2002) .............................................................................................. 6

*Port Dock & Stone Corp. v. Oldcastle Northeast., Inc.*, 2007 U.S. App. LEXIS 24728 (2d Cir. Oct. 23, 2007) ................................................................. 2

*Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447 (1993) ............................................. 7

*Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 447 (1993) .................................... 6, 7

*Thompson Trading Ltd. v. Allied Lyons PLC*, 123 F.R.D. 417 (D.R.I. 1989) ................................................................................................................ 9

*Yellow Page Solutions v. Bell Atl. Yellow Pages Co.*, 2002-1 Trade Cas. (CCH) ¶73,556 (S.D.N.Y. 2001) ............................................................................ 7

# STATUTES

Clayton Act, 15 U.S.C. § 14 ................................................................................................5

Federal Trade Commission Act, 15 U.S.C. § 45 ................................................................3

Telecommunications Act of 1996, 47 U.S.C. § 202 ...........................................................4

# OTHER AUTHORITIES

ABA Section of Antitrust Law, FTC Practice and Procedure
    Manual (2007) ..............................................................................................................4

Ward, Peter C., Federal Trade Commission: Law, Practice and
    Procedure § 3.04 Law Journal Press (1986) ................................................................3

# RULES

Fed. R. Civ. P. 12(b)(6) ......................................................................................................2

## INTRODUCTION

Plaintiff Dongmei Li has filed a seven count claim against Defendants Apple Inc. ("Apple"), Steve Jobs, and AT&T Inc. (AT&T) because they reduced the price of the iPhone several months after its initial release. Not surprisingly, Plaintiff's Complaint fails to articulate any plausible legal basis to challenge this pro-competitive and pro-consumer price reduction. Indeed, Plaintiff does not even allege that she purchased the iPhone model in question. The Complaint fails as a matter of law because the claims are either based on statutes that do not grant a private cause of action or omit even bare allegations of essential elements of the offense alleged.

More specifically, AT&T's Motion addresses the three counts asserted against AT&T (Claims Four, Five and Six)[1] as follows:

1. Plaintiff has no standing to sue under Section 5 of the Federal Trade Commission Act (Fifth Claim) because there is no private right of action under the statute.

2. Plaintiff failed to plead discrimination in services provided to her, which is required to state claim for relief under Section 202 of the Telecommunications Act of 1996 (Sixth Claim).

3. Plaintiff fails to state a claim under Section 3 of the Clayton Act (Fourth Claim) because the statute only applies to contracts regarding "goods and commodities," not to services (such as wireless service contracts). Furthermore, this tying claim fails to plead the threshold element of market power in a relevant market.

---

[1] On its face, the Complaint only names AT&T in claims Four, Five, and Six. To the extent, Plaintiff asserts additional claims apply, AT&T also joins the Motion to Dismiss and Memorandum in Support being filed contemporaneously by the Apple Defendants.

Finally, AT&T Inc. is not a proper party to this law suit and, because the Court lacks jurisdiction over the entity, it should be dismissed from this suit.

## FACTUAL BACKGROUND

On July 2, 2007, Plaintiff Dongmei Li bought a 4 gigabyte ("GB") iPhone from Apple and paid $499. Compl. ¶ 11. Ms. Li also signed a wireless service contract with AT&T to activate her iPhone. *Id.* Two months later, Apple announced it would cease production of the 4GB model, and would reduce the price of the 8GB model. *Id.* ¶¶ 16-17.

Ms. Li is the only plaintiff identified by the Complaint. Similarly, the iPhone is the only wireless telephone mentioned in the Complaint. In the Complaint, there are no allegations that Ms. Li has either sought to cancel her service or to sell her iPhone.

## LEGAL STANDARD

The Court should dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) when there is no cognizable legal theory to support the claim, or when there are insufficient facts alleged to support a cognizable legal theory. *See, e.g., In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). The Supreme Court recently addressed pleading standards in general (and antitrust pleading standards in particular) in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007). Stressing the dangers of permitting costly antitrust litigation to proceed based on speculation and conclusory allegations, the Court held that a complaint must contain "enough facts to state a claim to relief that is plausible on its face," *id.* at 1974, and "raise a right to relief above the speculative level." *Id.* at 1965. Since *Twombly* was decided, courts have become noticeably less tolerant of improperly pleaded antitrust complaints, including complaints that contain conclusory or implausible allegations. *See e.g., Port Dock & Stone Corp. v. Oldcastle Northeast., Inc.*, 2007 U.S. App. LEXIS 24728 (2d Cir. Oct. 23, 2007).

The Second Circuit recently applied *Twombly's* plausibility test to an antirust claim in *In re Elevator Antitrust Litigation*, where the Court of Appeals affirmed dismissal because the complaint lacked "enough facts to 'nudge [plaintiffs'] claims across the line from conceivable to plausible.'" 502 F.3d at 50. Similarly, the Supreme Court has ruled that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court,'" *Twombly*, 127 S. Ct. at 1966, and the complaint must be dismissed.

## ARGUMENT

### I. PLAINTIFF'S FIFTH CLAIM MUST BE DISMISSED BECAUSE SECTION 5 OF THE FEDERAL TRADE COMMISSION ACT DOES NOT PROVIDE A PRIVATE RIGHT OF ACTION.

Both the Second Circuit and this Court have recognized that there is no private right of Action under the Federal Trade Commission Act, 15 U.S.C. § 45, and have uniformly rejected such claims when brought by private individuals. *See, e.g., Alfred Dunhill Ltd. v. Interstate Cigar Co. Inc.*, 499 F.2d 232, 237-238 (2d Cir. 1974) (dismissing FTCA claim because "the provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission," and recognizing that "[n]owhere does the Act bestow upon either competitors or consumers standing to enforce its provisions."); *Dolan v. Fairbanks Capital Corp.*, 2005 U.S. Dist. LEXIS 45308, at *5 (E.D.N.Y. 2005) (dismissing FTCA claim "*as a matter of law* because a private person cannot sue for alleged violations of the Act.") Moreover, every Circuit that has considered this issue has held that there is no such private right of action.[2] Accordingly, Plaintiff's Fifth Claim must be dismissed.

---

[2] *See* Ward, Peter C., FEDERAL TRADE COMMISSION: LAW, PRACTICE AND PROCEDURE § 3.04 n.3 (1986) (collecting cases from the First, Third, Fourth, Fifth, Sixth, Eight, Ninth Tenth and D.C. Circuits recognizing no private right of Action under § 5). A leading treatise summarizes Section 5's purpose as "a purely civil statute that is *unenforceable*

(continued...)

## II. PLAINTIFF'S SIXTH CLAIM MUST BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE DISCRIMINATION OF SERVICES UNDER § 202 OF THE TELECOMMUNICATIONS ACT OF 1996.

Continuing the search for a statute that will punish companies for reducing prices, Plaintiff next turns to Section 202 of the Telecommunications Act of 1996, 47 U.S.C. § 202. That statute prohibits common carriers from "*unjust or unreasonable discrimination*" in the price or offering of "*communication service*."[3] Plaintiff appears to assert that Defendants engaged in unlawful discrimination when the price of the 8 GB iPhone was reduced, despite the fact that this new price was available to all customers. Plaintiff alleges she purchased only a 4GB iPhone, not the 8GB model affected by the price reduction, raising an obvious standing issue. Compl. ¶ 11. In addition, the heart of Plaintiff's Complaint relates to pricing of the 8GB iPhone, which plainly is a device; Plaintiff does not raise any allegation regarding "services."

But perhaps the even clearer basis for dismissal is that Plaintiff has only alleged a *change* in the price of the 8GB iPhone, but no *discrimination* in the application of this price. The Complaint alleges pricing was applicable to all customers. Simply put, a price change—applied equally to *all customers*—is not price discrimination. *See, e.g., MCI Telecom. Corp. v. F.C.C.*,

---

(continued)

*by private litigants . . . .*[but] enforced through administrative proceedings before the Commission and *actions brought by the Commission* in district courts." ABA SECTION OF ANTITRUST LAW, FTC PRACTICE AND PROCEDURE MANUAL, at 11 (2007) (emphasis added).

[3] Section 202(a) in full states:

> (a) Charges, services, etc.
>
> It shall be unlawful for any common carrier to make any unjust or unreasonable discrimination in charges, practices, classifications, regulations, facilities, or services for or in connection with *like communication service*, directly or indirectly, by any means or device, or to make or give any undue or unreasonable preference or advantage to any particular person, class of persons, or locality, or to subject any particular person, class of persons, or locality to any undue or unreasonable prejudice or disadvantage.

47 U.S.C. § 202(a) (emphasis added).

917 F.2d 30, 37-38 (D.C. Cir. 1990) (finding no discrimination, even in customer-specific rates, when rate offered on same terms to other, similarly situated customers); *In re Panamsat Corp. v. Comsat Corp.*, 12 F.C.C.R. 6952, 6965-66 (F.C.C. 1997) (same).

Companies that make promotional offers, conduct holiday sales, or offer inventory clearances do not discriminate among customers. If courts were to adopt Plaintiff's view, wireless companies would *never* be allowed to reduce their prices or have sales, because different prices on different days—available to all customers—would be outlawed. Plainly, that is not the law, so the Sixth Claim must be dismissed.

### III. PLAINTIFF'S FOURTH CLAIM MUST BE DISMISSED BECAUSE SHE HAS FAILED TO STATE A CLAIM UNDER SECTION 3 OF THE CLAYTON ACT.

Plaintiff's Fourth Claim alleges that Apple and AT&T violated Section 3 of the Clayton Act, 15 U.S.C. § 14, because they required a "two-year wireless services agreement with AT&T" with the purchase of the iPhone. Again, Plaintiff has misread the law and failed to include essential allegations, because they would be counter-factual. For one thing, it is well known that Section 3 of the Clayton Act does not prohibit tying of "services" (*i.e.*, wireless service) to products. More importantly, any claim of anticompetitive tying must be based on a plausible allegation of market power in a relevant market, which is not present here.

#### A. Section 3 of the Clayton Act Does Not Apply to Services

As threshold matter, it is black-letter law that Section 3 does not apply to service contracts and does not prohibit the tying of services to a product. The Second Circuit confirmed this point in *Hudson Valley Asbestos Corp. v. Tougher Heating and Plumbing Co. Inc.*, 510 F.2d 1140, 1145 (2d Cir. 1975). This Court has dismissed claims attempting to stretch Section 3, recognizing that "the cases have clearly established . . . . . [Section 3] has no applicability to a service contract such as the one involved here." *Famous Make Commc'ns. Co. Inc. v. Suffolk*

5

*County Water Auth.*, 1981 U.S. Dist. LEXIS 16936, at *10 (E.D.N.Y. 1981). Since Section 3 has no applicability to Plaintiff's claim of tying a service contract to the iPhone, Count Four of the Complaint must be dismissed on that basis alone.

    B.    **Plaintiff Has Failed To Plead the Essential Elements of Market Power in a Relevant Market.**

The Supreme Court has held that, since many tying arrangements and exclusive dealing contracts are pro-competitive,[4] courts should only prohibit these arrangements when they have demonstrable anticompetitive effects. *Illinois Tool Works Inc. v. Independent Ink Inc.*, 547 U.S. 28, 36 (2006) (observing that the "view that tying arrangements may well be procompetitive ultimately prevailed" in antitrust jurisprudence) (citation omitted). Such contracts therefore are only anticompetitive when one party has "appreciable economic power to exclude others from the marketplace. *Eastman Kodak Co. v. Image Tech. Services, Inc.*, 504 U.S. 451, 462 (1992). Accordingly, what distinguishes truly harmful tying from benign marketing practices is the presence of "market power" in a relevant (*i.e.*, distinct) "market." *Illinois Tool Works Inc.*, *supra*, 547 U.S. at 40 (holding that plaintiff must prove that the defendant has market power in the tying product); *Tampa Elec. Co. v. Nashville Coal Co.*, 365 U.S. 320, 329 (1961) ("the relevant market is the prime factor in relation to which the ultimate question, whether the contract forecloses competition in a substantial share of the line of commerce, must be decided"). Thus, "to state a claim for monopolization or tying, plaintiffs must allege that defendants possess market power in the relevant market." *Orion Elec. Co., Ltd. v. Funai Elec. Co., Ltd.*, 2002 WL 377541 (S.D.N.Y. 2002) (granting motion to dismiss for failure to "adequately allege market power").

---

[4] *Illinois Tool Works Inc. v. Independent Ink Inc.*, 547 U.S. 28, 36 (2006) (observing that the "view that tying arrangements may well be procompetitive ultimately prevailed" in antitrust jurisprudence) (citation omitted).

The responsibility for framing the relevant product and geographic markets rests with the plaintiff.[5] Importantly, to survive a motion to dismiss, "an alleged product market must bear a 'rational relation to the methodology courts prescribe to define a market for antitrust purposes—analysis of the interchangeability of use or the cross-elasticity of demand'." *E&L Consulting, Ltd. v. Doman Indus. Ltd.*, 360 F. Supp. 2d 465, 471 (E.D.N.Y. 2005) (citing, *Todd v. Exxon Corp.*, 275 F.3d 191, 200 (2d Cir. 2001)); *see also Yellow Page Solutions v. Bell Atl. Yellow Pages Co.*, 2002-1 Trade Cas. (CCH) ¶73,556, at 92,568 (S.D.N.Y. 2001) ("[w]here a complaint fails to allege facts regarding substitute products, or to allege other pertinent facts relating to cross-elasticity of demand ... a court may grant a Rule 12(b)(6) motion."). Thus, a "[p]laintiff's failure to define its market by reference to the rule of reasonable interchangeability is, standing alone, valid grounds for dismissal." *Global Discount Travel Servs. LLC v. Trans World Airlines*, 960 F. Supp. 701, 705-06 (S.D.N.Y. 1997).

As a matter of law, Plaintiff here cannot meet this standard because there are *no allegations whatsoever of a relevant market or market power* in the Complaint. Plaintiff asserts that "Apple sold its iPhones in the course of commerce" (Compl. ¶ 25), "Apple sold its iPhones for use in the U.S." (Compl. ¶ 26), and that "Apple is engaged in commerce." Compl. ¶¶ 31, 40. Not only do none of these statements apply to AT&T, but they do not provide the requisite foundation for a tying claim. Indeed, what the Complaint correctly pleads is that Apple and AT&T only recently introduced the iPhone product and service. Compl. ¶ 10. Since a new

---

[5] *See Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 455 (1993); *E&L Consulting Ltd. v. Doman Indus., Ltd.*, 360 F. Supp. 2d 465, 473 (E.D.N.Y. 2005) (dismissing complaint for failure to allege a properly defined market by showing reasonable interchangeability of substitutes and failure to address cross-elasticity of demand), *aff'd*, 2002-2 Trade Cas. (CCH) ¶ 75,530 (2d Cir. 2006).

entrant into an obviously crowded field cannot possibly have the requisite "market power," the Fourth Claim must be dismissed on this basis as well.

## IV. AT&T INC. SHOULD BE DISMISSED AS A PARTY TO THE ACTION.

In addition to the substantive legal grounds for dismissal, AT&T Inc. is not a proper party to this action and should be dismissed for want of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2) and (b)(6). AT&T Inc. is a holding company with no business activities of its own in New York or elsewhere. Rather, like many companies, AT&T's business operations are conducted through subsidiaries who are the proper parties in any litigation.

AT&T counsel has offered repeatedly to stipulate to the substitution of the proper defendant here, AT&T Mobility LLC. Indeed, if Plaintiff had read the iPhone contract she signed that is at issue, she would see that the contracting party is AT&T Mobility LLC. Further, had she reviewed publicly available information from SEC filings and elsewhere, she would see that AT&T Inc. is a holding company. Plaintiff's refusal to consider this information or respond to defense counsel's offer necessitates judicial action dismissing AT&T Inc.

### A. Plaintiff's Conduct Allegations Are Misdirected At AT&T Inc.

As noted, AT&T Inc. is a holding company with no business activities of its own. *See* Declaration of Daniel Sasse (attached). Its sole purpose is to hold ownership of subsidiary corporations that do operate businesses. *Id.* Thus, AT&T Inc. as a corporate entity did not sell iPhones or provide wireless service to Plaintiff or anyone else. *Id.* The conduct alleged in the Complaint is associated solely with AT&T Mobility LLC, a separate legal entity. *Id.*

### B. This Court Does Not Have Personal Jurisdiction Over AT&T Inc.

As the Complaint alleges, AT&T Inc. is a Delaware corporation with its principal place of business in Texas. Compl. ¶ 9. It does not have any physical presence or otherwise conduct

business in New York. Sasse Decl. at ¶ 2. Nor does it contract with iPhone purchasers in New York. *Id.*

Plaintiff cannot properly allege that AT&T Inc. has requisite contacts here. Nor has Plaintiff any basis to allege the requisite "unusual circumstances" or other basis for piercing the corporate veil. *See, e.g., Miller v. Honda Motor Co., Ltd.*, 779 F.2d 769, 772 (1st Cir. 1985) (parent and subsidiary assumed separate entities for purposes of jurisdiction); *Thompson Trading Ltd. v. Allied Lyons PLC*, 123 F.R.D. 417 (D.R.I. 1989) (absent a showing that parent-sub relationship is pure fiction, even if it is merely formal, personal jurisdiction over sub does not create jurisdiction over the parent). Accordingly, this Court must dismiss AT&T Inc. for lack of personal jurisdiction. *See, e.g., Landoil Resources Corp. v. Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990).

## CONCLUSION

The Supreme Court in *Twombly* carefully articulated the standards by which the sufficiency of Plaintiff's Complaint must be measured, in light of the huge burden that filings can impose on courts and litigants. Under those standards, Plaintiff's allegations raise no factual basis from which unlawful activity could reasonably be inferred. Complaints that fail to name the correct parties and fail to allege any set of facts that permit recovery must be dismissed.

For the foregoing reasons, Plaintiff's Complaint should be dismissed.

Respectfully submitted,

Timothy J. Fierst (TF:3247)
CROWELL & MORING LLP
153 East 53rd Street, 31st Floor
New York, NY 10022
(212) 895-4200

Wm. Randolph Smith (WS:1258)
 *Admitted Pro Hac Vice*
Daniel A. Sasse (DS:3590)
 *Admitted Pro Hac Vice*
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 624-2500

*Counsel for AT&T Inc.*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONGMEI LI,<br><br>　　　　Plaintiff,<br><br>v.<br><br>APPLE INC.; STEVE JOBS; and<br>AT&T INC.,<br><br>　　　　Defendants. | Civil Action No. 07-04005-LDW-ETB |

## DECLARATION OF DANIEL A. SASSE IN SUPPORT OF MOTION TO DISMISS

I, Daniel A. Sasse, declare and state as follows:

1. I am a Partner with the law firm Crowell & Moring LLP. I am licensed to practice in the State of California, admitted to this Court *pro hac vice,* and I am an attorney of record for AT&T Inc. ("AT&T") in the above entitled action. I make this declaration based on my personal knowledge and, if called as a witness by the court, I could and would be competent to testify to the matters set forth below.

2. Counsel for AT&T Inc. has repeatedly reached out to Plaintiff's Counsel since October 2007 and tried to resolve this issue without Court intervention. Counsel offered to stipulate to the substitution of AT&T Mobility LLC in this case and the dismissal of AT&T Inc. Plaintiff has refused to return telephone calls or respond to letters.

3. If Plaintiff Dongmei Li simply would have referenced the two-year service agreement that she entered into and received when she purchased her 4 GB iPhone from

Apple, she would see that the agreement is with AT&T Mobility LLC. The first sentence of the service agreement states, "'AT&T' or 'we,' 'us' or 'our' refers to AT&T Mobility LLC acting on behalf of its FCC-licensed affiliates doing business as AT&T."

4. AT&T Inc.'s most recent publicly filed SEC form 10-K February 26, 2007, which is available at http://phx.corporate-ir.net/phoenix.zhtml?c=113088&p=IROL-secToc&TOC=aHR0cDovL2NjYm4uMTBrd2l6YXJkLmNvbS94bWwvY29udGVudHMueG1sP2lwYWdlPTQ3MDI0ODImcmVwbz10ZW5r states the following:

   i. AT&T Inc. is a Delaware corporation, with its principal and only place of business located in San Antonio, Texas. *Id.* at 1. AT&T Inc. is holding company and has no employees. *Id.*

   ii. AT&T Inc. was incorporated in Delaware in October 1983 under the name Southwestern Bell Corporation. AT&T Inc. is and always has been a holding company. *Id.*

   iii. In 1995, Southwestern Bell Corporation changed its name to SBC Communications Inc. On November 18, 2005, SBC Communications Inc. acquired AT&T Corp., an unrelated company. The acquisition was accomplished by merging a wholly-owned subsidiary of SBC Communications Inc. with AT&T Corp. AT&T Corp. thereby became a wholly-owned subsidiary of SBC Communications Inc. Shortly thereafter, SBC Communications Inc. changed its name to AT&T Inc. *Id.*

3. Since it is only a holding company, AT&T Inc. conducts no business with the public, and specifically conducts no business in New York. AT&T Inc.'s only business is

to hold stock in other companies, such as operating companies and other subsidiaries. AT&T Inc. is a legally and factually separate corporate entity, distinct from each of its direct and indirect subsidiaries.

4. Since it is only a holding company, AT&T Inc. is not registered, licensed or otherwise qualified to do business in New York and, therefore, has not appointed a registered agent for service of process in New York. *See also* New York Secretary of State, Division of Corporations http://appsext8.dos.state.ny.us/corp_public/CORPSEARCH.ENTITY_SEARCH_ENTRY?p_entity_name=%41%54%26%54%20%49%6E%63&p_name_type=%41&p_search_type=%42%45%47%49%4E%53

5. Since it is only a holding company, AT&T Inc. does not own or maintain an internet or telecommunications network and it does not provide internet, telecommunications or other services to the public. AT&T Inc. does not make, sell, offer to sell, or import products or services of any kind in any state or jurisdiction. AT&T Inc. does not have any sales representatives or distributors and produces nothing to sell or distribute.

6. Since it is only a holding company, AT&T Inc. has no presence in New York. It has no office or mailing address in New York, and does not own, lease, manage, or maintain any real property in New York.

7. Since it is only a holding company, AT&T Inc. does not have any employees in New York, and does not provide internet or telecommunications services to any consumers in New York.

3

8. Since it is only a holding company, AT&T Inc. does not manufacture any product of any kind or provide any service of any nature that could find its way through the stream of commerce into New York.

9. Since it is only a holding company, AT&T Inc. has never conducted any business with Plaintiff Dongmei Li in New York or in any other jurisdiction related to wireless services or the sale of iPhones as alleged in paragraph 6 of the Complaint in this action.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 31$^h$ day of January 2008, at Irvine, California.

s/ Daniel A. Sasse<br>
Daniel A. Sasse, Esq.