UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
DONGMEI LI,

                Plaintiff,

     -against-

APPLE INC.
STEVE JOBS
AT&T INC.,

                Defendants.
------------------------------------------------------------x

**Index No.  CV 07 4005 (LDW)(ETB)**

## MEMORANDUM OF LAW IN SUPPORT OF
## APPLE INC. AND STEVE JOBS' MOTION TO DISMISS

ny-790055

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................... 1

II. SUMMARY OF THE COMPLAINT .................................................................................. 3

III. LEGAL STANDARD ON A MOTION TO DISMISS ....................................................... 4

IV. ARGUMENT ........................................................................................................................ 4

    A. The Complaint Fails to State a Claim Under the Robinson-Patman Act ..................... 4

        1. Plaintiff's Robinson-Patman Act Claims Fail Because the Complaint Does Not Allege Any Price Discrimination .................................... 4

        2. Plaintiff's Robinson-Patman Act Claims Fail Because the Plaintiff Was Not in Competition with Any Allegedly Favored Purchasers ........................................................................................................ 6

        3. Plaintiff's Robinson-Patman Act Claims Fail Because They Do Not Allege an Adverse Effect on Competition ............................................... 6

    B. The Complaint Fails to State a Claim for Unlawful Tying .......................................... 8

    C. The Second, Third, and Fifth Claims Should Be Dismissed ....................................... 9

    D. Plaintiff's Claim Under Section 349 of New York's General Business Laws Should Be Dismissed ............................................................................................ 9

    E. The Complaint Fails to State Any Claim Against Mr. Jobs ...................................... 10

V. CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

                                                                                                                                                                   Page(s)

*A.A. Poultry Farms, Inc. v. Rose Acre Farms, Inc.*, 881 F.2d 1396 (7th Cir. 1989) .................. 5

*Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 449 F.2d 232 (2d Cir. 1974) .............................. 9

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ................................................ 4

*Blue Tree Hotels Inv. Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212 (2d Cir. 2004) ............................................................................................................. 8

*Brooke Group Ltd. v. Brown & Williamson*, 509 U.S. 209 (1993) ...................................... 7

*Cancall PCS, LLC v. Omnipoint Corp.*, 2000 WL 272309 (S.D.N.Y. Mar. 10, 2000) ............. 6

*Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984) ................................. 4

*City of New York v. Coastal Oil New York, Inc.*, 1998 WL 82927 (S.D.N.Y. Feb. 25, 1998) .................................................................................................................................. 5

*DeJesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65 (2d Cir. 1996) ..................................... 4

*Famous Make Communications Co. v. Suffolk County Water Authority*, 1981 WL 2170 (E.D.N.Y. Sept. 9, 1981) ........................................................................................ 9

*General Cigar Holdings v. Altadis, S.A.*, 205 F. Supp. 2d. 1335 (S.D. Fla. 2002) ................. 8

*Genetic Sys. Corp. v. Abbott Labs*, 691 F. Supp. 407 (D.D.C. 1988) .................................. 4

*George Haug Co. v. Rolls Royce Motor Cars, Inc.*, 148 F.3d 136 (2d Cir. 1998) ........... 4, 6, 7

*Herndon v. Rite-Aid Corp.*, 2007 WL 2712978 (S.D.Ala. Sept. 14, 2007) ........................... 4

*Hudson Valley Asbestos Corp. v. Tougher Heating & Plumbing Co.*, 510 F.2d 1140 (2d Cir. 1975) .............................................................................................................. 9

*Illinois Tool Works v. Independent Ink, Inc.*, 547 U.S. 28 (2006) ...................................... 8

*In re Tamoxifen Citrate Antitrust Litig.*, 429 F.3d 370 (2d Cir. 2005) ............................... 4

*K-S Pharmacies, Inc. v. American Home Products Corp.*, 962 F.2d 728 (7th Cir. 1992) ...... 5

*Morabito v. Blum*, 528 F. Supp. 252 (S.D.N.Y. 1981) ................................................. 10

*Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373 (1958) ............................................. 9

ny-790055

*Texas Gulf Sulphur Co. v. JR Simplot Co.*, 418 F.2d 793 (9th Cir. 1969) ................................................. 5

*Volvo Trucks N.A., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164 (2006) ........................................ 6, 7

*Yentsch v. Texaco, Inc.*, 630 F.2d 46 (2d Cir. 1980) ................................................................................ 9

*Zuckerman v. BMG Direct Marketing, Inc.*, 290 A.D.2d 330 (1st Dep't 2002) ................................... 10

Defendants Apple Inc. and Steve Jobs (collectively "Apple") respectfully submit this memorandum in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Complaint in its entirety.

## I.
## PRELIMINARY STATEMENT

In this Complaint, a consumer who purchased an Apple iPhone at its initial introductory price challenges under the antitrust laws Apple's subsequent decision to lower the price of the iPhone. Plaintiff's claims are based principally on the notion that a seller's pro-competitive decision to cut its prices to all future buyers can constitute "price discrimination" sufficient to give rise to a cause of action under the Robinson-Patman Act – the discrimination apparently being the price difference between what was charged for earlier purchases when compared to the prices charged for purchases made after the price cut was put into effect.

The Complaint is, at its heart, irretrievably flawed. A pro-competitive price reduction to consumers cannot violate the Robinson-Patman Act, or any of the other statutes under which plaintiff purports to rely in the Complaint. For these and other reasons, the Complaint should be dismissed.

First, and most fundamentally, the across-the-board price cut that plaintiff characterizes as price discrimination is actually nothing of the sort. Price discrimination under the Robinson-Patman Act can occur only where one buyer is offered a different price than the price that is being offered to other contemporaneous buyers. Here, there is no dispute that Apple charged the same price to all buyers before the price cut, and that, following the price reduction, Apple then charged all buyers the identical lower price. This is simply not price discrimination. Any contrary rule would mean that a seller could not reduce its prices without facing Robinson-

Patman Act claims brought by pre-price cut purchasers (who, by definition, paid more than those buying after the price cut took effect).

Plaintiff's Robinson-Patman Act claims fail for other reasons as well. The Complaint's theory is that the price cut hurt consumers who tried to sell their iPhone by lowering the price at which they would be able to resell their iPhones to other consumers. But the Plaintiff nowhere alleges that she did or ever even tried to resell her iPhone. In any event, the Complaint does not adequately allege (nor could it) any adverse effect on competition that could result from Apple's decision to lower prices.

The Complaint also includes a variety of other claims based on the sale of the iPhone and Apple's pro-competitive decision to lower prices, but none of those claims fare any better than the Robinson-Patman Act claims.

Plaintiff brings a "tying" claim challenging Apple's decision to introduce the iPhone exclusively in conjunction with wireless services from AT&T. But the Complaint fails to plead the basic requirements of such a claim, including the identity of the relevant markets and allegations of market power. This failure is not hard to understand, given that the iPhone had only been introduced to the market days before plaintiff's purchase and is still a relatively new product. It thus clearly can have no market power. Indeed, other allegations included within the Complaint (in addition to common sense) are sufficient to demonstrate that plaintiff could not allege that this newly introduced product possesses market power.

As to the remaining claims, three of those claims (the Second, Third, and Fifth claims) are brought under statutes for which there is no private right of action, and should be dismissed. Finally, the Complaint fails to adequately plead a claim under Section 349 of New York's General Business Law, because plaintiff's claim appears to be premised on Apple's failure to

pre-disclose to consumers its price reduction. New York law, not surprisingly, does not impose such a requirement, or give consumers buying before a price cut a cause of action against sellers like Apple that take the pro-competitive and pro-consumer step of cutting prices.

## II.

## SUMMARY OF THE COMPLAINT

Plaintiff is a consumer who bought a 4 gigabyte ("4GB") Apple iPhone from an Apple retail store three days after the iPhone was first introduced. (Complaint, ¶ 11.) Plaintiff paid $499 for her 4GB iPhone. (*Id.*) After plaintiff purchased her iPhone, she activated it by subscribing to a two-year wireless service contract with AT&T, the exclusive provider of wireless service with the iPhone. (*Id.*, ¶ 12.)

More than two months after plaintiff bought her 4GB iPhone, Apple announced that it was discontinuing production of the 4GB iPhone, and was cutting the price of the 8GB iPhone from $599 to $399. (*Id.*, ¶¶ 16-17, 24.) Pursuant to Apple's standard 14-day price protection policy for consumers, consumers who purchased the iPhone within 14 days of the price cut received a $200 rebate because they were still covered by the terms of that policy (*Id.*, ¶¶ 33, 34.). Consumers who purchased the iPhone more than 14 days before the price cut received a $100 store credit as part of a special rebate policy implemented by Apple in connection with the price cut.

The Complaint alleges that this price cut hurt early purchasers of the iPhone, because they could no longer sell the iPhone "for as high a profit as they could have before the price cut." (*Id.*, ¶¶ 21-22.) The Complaint nowhere alleges that the Plaintiff did or even tried to resell the 4GB iPhone that she purchased from Apple.

3

# III.

# LEGAL STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," and that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 1974 (2007). Well-pled allegations are taken as true on a motion to dismiss. *See DeJesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996). However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" an antitrust complaint. *In re Tamoxifen Citrate Antitrust Litig.*, 429 F.3d 370, 388 n.17 (2d Cir. 2005).

Plaintiffs also must plead a claim that makes economic sense. *See Tamoxifen Citrate*, 429 F.3d at 402 (dismissal appropriate where antitrust violation pleaded "seems to us to be implausible"); *Genetic Sys. Corp. v. Abbott Labs*, 691 F. Supp. 407, 422 (D.D.C. 1988) (dismissing claim where allegations were "sufficiently implausible to limit any inference of an antitrust violation"). "In considering a motion to dismiss, the court is not required to don blinders and ignore commercial reality." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1110 (7th Cir. 1984).

# IV.

# ARGUMENT

A. **The Complaint Fails to State a Claim Under the Robinson-Patman Act**

1. **Plaintiff's Robinson-Patman Act Claims Fail Because the Complaint Does Not Allege Any Price Discrimination**

The *sine qua non* of a Robinson-Patman Act claim is an allegation of price discrimination. *See George Haug Co. v. Rolls Royce Motor Cars, Inc.*, 148 F.3d 136, 145 (2nd Cir. 1998) ("plaintiff has the burden of establishing ... that the seller discriminated in price as

between the two purchasers"). Here, the Complaint makes clear that all purchasers of an iPhone prior to September 5, 2007, paid identical prices and received identical terms of sale. Apple then reduced the price to all purchasers, discriminating against none, and thereafter all purchasers paid the identical new price. Plaintiff does not dispute that when she bought her 4GB iPhone, prior to September 5, she paid the same price and received the same terms as every other purchaser of the 4GB iPhone. Nor does plaintiff dispute that after September 5 (including to the present day), she could buy an additional iPhone at the same price and accompanied by the same terms as any other contemporaneous purchaser.

This is not price discrimination. "[A] seller is free to change its prices as much and as often as it wants, provided it charges the same price to all competing customers at the same time." *K-S Pharmacies, Inc. v. American Home Products Corp.*, 962 F.2d 728 (7th Cir. 1992); *see also A.A. Poultry Farms, Inc. v. Rose Acre Farms, Inc.*, 881 F.2d 1396 (7th Cir. 1989) (no price discrimination where seller "charged the same price to customers at the same time"); *Texas Gulf Sulphur Co. v. JR Simplot Co.*, 418 F.2d 793 (9th Cir. 1969) (where buyers "similarly situated are treated alike at the time of the transaction, there is no violation of the Robinson-Patman Act"); *City of New York v. Coastal Oil New York, Inc.*, 1998 WL 82927 (S.D.N.Y. Feb. 25, 1998) (dismissing claim where alleged discriminatory prices were to the same purchaser over time). Any contrary rule would convert the Robinson-Patman Act into an "anti-price reduction statute," under which every seller would face liability every time it decided to cut its prices to all future purchasers.

The Complaint's fundamental flaw —there can be no claim for price discrimination without an allegation that contemporaneous purchasers were charged different prices – is fatal to

5

ny-790055

plaintiff's Robinson-Patman Act claims. Because Apple did not discriminate in price, plaintiff's Robinson-Patman Act claims should be dismissed.[1]

2. **Plaintiff's Robinson-Patman Act Claims Fail Because the Plaintiff Was Not in Competition with Any Allegedly Favored Purchasers**

The Robinson-Patman Act is not directed at sales to consumers. Instead, it is intended to protect competition in the re-sale of goods, and the statute requires that a plaintiff actually be in competition with an allegedly favored purchaser to sustain a cause of action. *Volvo Trucks N.A., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 168 (2006); *Haug*, 148 F.3d at 141 n.2.

The Complaint does not satisfy this requirement. It alleges only that plaintiff is a consumer who bought a 4GB iPhone at an Apple retail store. (Complaint, ¶ 11.) Although the Complaint refers generally to re-sale of the iPhone, it does not allege that plaintiff is a business competitor engaged in re-sale of the iPhone, or that she did or even tried to resell her iPhone. The Robinson-Patman Act simply does not encompass the claim brought by this consumer plaintiff. *See, e.g., Herndon v. Rite-Aid Corp.*, 2007 WL 2712978, at *5 (S.D.Ala. Sept. 14, 2007) (dismissing consumer's Robinson-Patman Act complaint because consumer could not show that she was in competition with favored purchasers).

3. **Plaintiff's Robinson-Patman Act Claims Fail Because They Do Not Allege an Adverse Effect on Competition**

The Robinson-Patman Act prohibits price discrimination only to the extent that the price discrimination threatens to injure competition. *Volvo Trucks*, 546 U.S. at 168. Although the

---

[1] Plaintiff's Robinson-Patman Act claims also fail because the Complaint nowhere alleges two sales of the same product at different prices. Plaintiff bought a 4GB iPhone. But the Complaint alleges only that the 4GB iPhone was discontinued, not that any other purchaser of the 4GB iPhone (the product plaintiff bought) received a lower price than plaintiff. This fact alone is fatal to plaintiff's claims. See *Cancall PCS, LLC v. Omnipoint Corp.*, 2000 WL 272309 (S.D.N.Y. March 10, 2000) (must show that a discriminatory sale actually took place).

Complaint is not very clear on this point, plaintiff appears to be asserting claims of both primary line discrimination directed at Apple's competitors and secondary line discrimination directed at purchasers/resellers.[2] However, in neither case does the Complaint adequately allege any effect on competition.

Initially, as was noted above, the Complaint nowhere alleges that plaintiff actually was a competitor in competition with either Apple (primary line) or a purchaser/reseller from Apple (secondary line). Thus, the primary reason that plaintiff does not and cannot allege any impact on competition is that, as a consumer, she cannot show that she was in competition with any competing reseller. *See Volvo Trucks*, 546 U.S. at 168.

But plaintiff's claims fail to allege the requisite threat to competition for other reasons as well. As for plaintiff's claim of primary line discrimination under the Robinson-Patman Act, it is well-established that such a claim requires both (i) that the challenged reduced price is "below an appropriate measure of [the seller's] costs" and (ii) that "the competitor had a reasonable prospect ... of recouping its investment in below-cost prices." *Brooke Group Ltd. v. Brown & Williamson*, 509 U.S. 209, 221, 224 (1993) (noting that such predatory pricing claims are "rarely successful"). Here, the Complaint includes no allegations whatsoever regarding Apple's ability to recoup lost profits resulting from the allegedly below cost pricing.

Similarly, the Complaint is silent as to any effect on competition from plaintiff's secondary line claims, and its allegation of a single purchase of a single 4GB iPhone by a consumer is not enough to infer such an effect. This is precisely the sort of limited conduct that

---

[2] Price discrimination claims can be classified as "primary line" or "secondary line" depending on whether the allegedly injured plaintiff is in competition with the seller (primary line), or a favored customer of the same seller (secondary line). *See Haug*, 148 F.3d at 141 n.2.

the Supreme Court has held is insufficient to infer any effect on competition, and thus plaintiff's claims should be dismissed. *Volvo*, 546 U.S. at 171.

B. **The Complaint Fails to State a Claim for Unlawful Tying**

Plaintiff alleges that Apple has violated section 3 of the Clayton Act by unlawfully "tying" the sale of the iPhone to the purchase of wireless services from AT&T. But plaintiff has failed to adequately plead the requisite elements of a tying claim under the Clayton Act.

The Supreme Court has made clear that, "in all cases involving a tying arrangement, the plaintiff must prove that the defendant has market power in the tying product." *Illinois Tool Works v. Independent Ink, Inc.*, 547 U.S. 28, 40 (2006). Here, the Complaint does not allege the existence of market power in the tying product, and indeed does not even adequately identify the tying and tied products themselves.[3] This is not a mere oversight – as the Complaint itself acknowledges, the Apple iPhone was sold for the first time only three days before plaintiff bought her iPhone. (Complaint, ¶ 10.) It is common knowledge that the iPhone had to compete with any number of other phones for potential customers, and the Complaint itself refers to such competition.[4] (*Id.*, at ¶ 13). As the Complaint itself concedes by omission (and common sense itself reveals to be true), the iPhone had no market power at the time of its introduction to the

---

[3] To survive a motion to dismiss, "an alleged product market must bear a rational relation to the methodology courts prescribe to define a market for antitrust purposes – analysis of the interchangeability of use or the cross-elasticity of demand." *E&L Consulting, Ltd. v. Doman Indus. Ltd.*, 360 F.Supp. 2d 465, 470 (E.D.N.Y.) (internal quotations omitted). "Where a complaint fails to allege facts regarding substitute products, or to allege other pertinent facts relating to cross-lasticity of demand ... a court may grant a Rule 12(b)(6) motion." *Yellow Page Solutions v. Bell Atl. Yellow Pages Co.*, 2002-1 Trade Cas. (CCH) ¶73, 556, at 92, 568 (S.D.N.Y. 2001).

[4] Materials that are incorporated by reference into a Complaint, such as news articles or other materials referred and cited to, can be considered by the Court on motions to dismiss. *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

8

marketplace. Market power must exist at the time the tie-in is established; anticipated market power is not sufficient. *General Cigar Holdings v. Altadis, S.A.*, 205 F. Supp. 2d. 1335, 1356 (S.D. Fla. 2002).

In addition, Section 3 of the Clayton Act applies only when both the tying and tied products are "goods, wares, merchandise, machinery, supplies, or other commodities." 15 U.S.C. § 14. But AT&T provides "wireless services," not a "good ... or other commodit[y]" covered by this provision. Thus, as a matter of law, plaintiff cannot assert a Section 3 tying claim here. *See Hudson Valley Asbestos Corp. v. Tougher Heating & Plumbing Co.*, 510 F.2d 1140, 1145 (2d Cir. 1975) (dismissing tying claim where "cases have clearly established ... [Section 3] has no applicability to a service contract such as the one involved here"); *Famous Make Communications Co. v. Suffolk County Water Authority*, 1981 WL 2170 (E.D.N.Y. Sept. 9, 1981) (same).

Finally, in order to state a cause of action for tying, the plaintiff must allege an anticompetitive effect in the market for the tied product. *See Yentsch v. Texaco, Inc.*, 630 F.2d 46, 56-57 (2d Cir. 1980). The Complaint does not identify any competitive injury resulting from the allegedly unlawful tie, and given the highly competitive nature of the wireless services market, clearly cannot do so. For all of these reasons, the tying claim should be dismissed.

### C. The Second, Third, and Fifth Claims Should Be Dismissed

The Complaint includes a number of claims (the Second, Third, and Fifth claims) that are based on statutes for which no private rights of action exist. The Second and Third claims are based on "15 U.S.C. § 13a." Only the Department of Justice is entitled to bring claims under this provision. *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373 (1958). Similarly, the Fifth claim fails because it is based on Section 5 of the FTC Act, and only the FTC can bring claims under

that statute. *Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 449 F.2d 232, 237 (2nd Cir. 1974) (holding that "the provisions of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission").[5]

### D. Plaintiff's Claim Under Section 349 of New York's General Business Law Should Be Dismissed

Plaintiff's Seventh Claim purports to assert a claim under Section 349 of New York's General Business Law. Essentially, the complaint alleges that Apple violated section 349 by asserting that "the iPhone was worth the price that they had paid for [it]." (Complaint, ¶ 68.) Plaintiff has failed to state a cause of action under this state law.

First, plaintiff actually nowhere claims that the alleged representation is false. Indeed, given that plaintiff "waited on line for hours" to buy the iPhone, the essential features of which had been described in detail "long before iPhone's debut" (Complaint, ¶ 10), and nowhere makes any complaint about the quality of the iPhone itself, presumably plaintiff would agree that the iPhone was "worth" the price.

What plaintiff appears to be complaining about is that Apple did not disclose to plaintiff that it would be lowering the price of the 8 GB iPhone more than two months after plaintiff bought her 4 GB iPhone. But this is not enough to state a claim under section 349. *See Zuckerman v. BMG Direct Marketing, Inc.*, 290 A.D.2d 330 (1st Dep't 2002) (where charge is disclosed, whether charge was unreasonable or excessive is irrelevant to section 349 claim). A

---

[5] Plaintiff's Sixth Claim does not appear to be directed at Apple, nor could it be. Section 202 of the Telecommunications Act of 1996 applies only to "common carriers," and claims under that statute cannot be brought against an equipment manufacturer such as Apple. *See Cancall PCS, LLC v. Omnipoint Corp.*, 2000 WL 272309 (S.D.N.Y. Mar. 10, 2000) (dismissing claim against an equipment manufacturer).

10

contrary result would transform section 349 into an "automatic refund" statute whenever a manufacturer decides to lower its price. Plaintiff's state law claim should be dismissed.

### E. The Complaint Fails to State Any Claims Against Mr. Jobs

All claims against Mr. Jobs fail for the same reasons that the claims fail against Apple. Moreover, other than naming Mr. Jobs as a defendant, the Complaint is silent as to his alleged conduct. "The courts have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Morabito v. Blum*, 528 F. Supp. 252, 262 (S.D.N.Y. 1981). All claims against Mr. Jobs should be dismissed.

## V.
## CONCLUSION

For all of the foregoing reasons, the Complaint should be dismissed in its entirety, with prejudice.

Dated: New York, New York  
January 31, 2008

MORRISON & FOERSTER LLP

By: /s/ Michael B. Miller  
Michael B. Miller (MM-1154)  
1290 Avenue of the Americas  
New York, New York 10104-0050  
(212) 468-8000  
mbmiller@mofo.com

11