UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DONGMEI LI,

    Plaintiff,

v.

APPLE INC.; STEVE JOBS; and
AT&T INC.,

    Defendants.

Civil Action No. 07-04005-LDW-ETB

# AT&T INC.'S REPLY MEMORANDUM OF LAW TO PLAINTIFF'S OPPOSITION TO AT&T INC.'S MOTION TO DISMISS PLAINTIFF'S FOURTH, FIFTH, AND SIXTH CLAIMS

CROWELL & MORING LLP
Attorneys for Defendant AT&T, Inc.
153 East 53rd Street, 31st Floor
New York, New York 10022
(212) 895-4200

## INTRODUCTION

Plaintiff's Opposition to AT&T Inc.'s ("AT&T's") Motion to Dismiss fails to explain how a pro-competitive and pro-consumer price reduction—equally applied to *all* customers at all times—violates the law. Specifically, AT&T's Motion focused on the three counts addressed to AT&T.[1] Count Four must be dismissed because Section 3 of the Clayton Act only applies to contracts regarding "goods and commodities," not to services such as wireless service contracts. Count Five must be dismissed because Section 5 of the FTC Act does not have a private right of action. Count Six must be dismissed because Plaintiff failed to plead discrimination in services provided to her, as required under Section 202 of the Telecommunications Act of 1996. Plaintiff's Opposition relies on the wrong legal standard, conclusory assertions and inapposite cases, as explained below.

Finally, Plaintiff fails to advance any legal basis for personal jurisdiction over AT&T Inc. so dismissal of AT&T Inc. is the appropriate result.

## ARGUMENT

### I. Plaintiff Relies on the Wrong Legal Standard.

Plaintiff starts by ignoring controlling law. Relying on *Conley v. Gibson*, Plaintiff repeatedly asserts dismissal is only appropriate if it appears "beyond doubt that plaintiff will not be able to prove any set of facts to support its claims." Opp. at 3, 8. But that standard was explicitly overruled in *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955 (2007). *See* AT&T Motion at 2-3. As the Supreme Court held, the *Conley* standard "has earned its

---

[1] As noted in AT&T's Motion, the Complaint only names AT&T in claims Four, Five, and Six. To the extent Plaintiff asserts additional claims apply, AT&T also joins in the Reply Memorandum filed by the Apple Defendants.

retirement" and "is best forgotten as an incomplete, negative gloss on an accepted pleading standard." Plaintiff's Opposition never mentions *Twombly*, but relies entirely on this obsolete language and cases applying it.

Nor does Plaintiff address the new *Twombly* standard that a plaintiff must include factual allegations sufficient to "raise a right to relief beyond the speculative level." *Id.* at 1965. To withstand dismissal today, a complaint must plead a "statement of circumstances, occurrences and events in support of the claim presented." *Id.* at 1965 n.3. Plaintiff has utterly failed to satisfy this standard.[2]

## II. Plaintiff Has Failed to State a Claim Under Section 3 of the Clayton Act.

Plaintiff's Opposition fails to address the threshold issue that Section 3 of the Clayton Act does not prohibit tying of "services" (*i.e.*, wireless service) to products. Nor does Plaintiff address AT&T's further point that no tying claim can survive here because there is no plausible allegation of market power in a relevant market. Instead of addressing these key legal points, Plaintiff only makes the legally insufficient assertion that the Complaint has alleged "each and every element" of her claims.

The Supreme Court held in *Twombly* that such conclusory allegations require dismissal. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 127 S. Ct. at 1964-65. The Court stressed that, "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" and that "[t]he pleading must contain something more . . . than . . . a statement of facts that merely creates a

---

[2] To be clear, Plaintiff's Complaint also fails the old *Conley* standard. Reducing the price of the iPhone for *all* customers does not give rise to a claim under any of the statutes cited by plaintiff. This failure is one of law, not fact, and it is beyond doubt that no set of facts can be pled to change that.

suspicion [of] a legally cognizable right of action." *Id.* at 1965 (citations omitted); *see also Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) ("a complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion"). Plaintiff has offered nothing to even attempt to meet this standard, because there is nothing to support this claim.[3]

### III. Plaintiff Has Not Stated a Claim Under the FTC Act or Telecommunications Act.

Plaintiff does not dispute that courts have uniformly rejected claims brought by private individuals under Section 5 of the FTC Act. *See* AT&T Motion at 3 (citing, *e.g.*, *Alfred Dunhill Ltd. v. Interstate Cigar Co. Inc.*, 499 F.2d 232, 237-238 (2d Cir. 1974) and *Dolan v. Fairbanks Capital Corp.*, No. 03-CV-3285, 2005 U.S. Dist. LEXIS 45308, at *5 (E.D.N.Y. Aug. 16, 2005)). Nor does Plaintiff offer any contrary legal authority to all of the cases stating no private cause of action exists under Section 5. *Compare* AT&T Motion at 3 *with* Opp. at 6. Therefore, Count 5 must be dismissed.

Similarly, Plaintiff does not dispute that the Complaint fails to allege "discrimination in services," as required under Section 202 of the Telecommunications Act of 1996. Plaintiff again relies only on the conclusory assertion that she has "alleged in [her] complaint each and every element of [her] fifth claim and sixth claim." Opp. at 6. Nowhere does Plaintiff attempt to defend her claim that charging the same price for a handset to everyone who buys at the same time constitutes discrimination. Therefore, Count 6 must be dismissed.

Plaintiff's only response to AT&T's arguments regarding Counts 5 and 6 is the unsupported assertion that "there is a private right of action if plaintiff has exhausted

---

[3] Plaintiff's only citation to support her Section 3 claim is *United States v. International Business Machines*, 11 F. Supp. 11, 17-18 (D.C.N.Y. 1935), which applies Section 3 to goods, not services. Even a cursory review of *IBM* reveals that Section 3 was applied to tabulation machines and punch cards.

3

administrative remedies." Opp. at 6. Of course, typing in a paragraph on the FTC website *after* filing the Complaint in this case obviously does not constitute exhaustion.[4] More fundamentally, Plaintiff apparently fails to understand that, since neither Section 5 of the FTC Act nor Section 202 of the Telecommunications Act grant her administrative remedies, exhaustion is irrelevant.[5] These claims remain legally flawed and must be dismissed.

## IV. Plaintiff's Personal Jurisdiction Argument Omits Discussion of AT&T Mobility and Fails to Address Controlling Law on This Issue.

Plaintiff does not dispute that her wireless service contract was with AT&T Mobility LLC, not with named defendant AT&T Inc. Her only response on this point is that AT&T Inc. is the corporate parent of AT&T Mobility LLC. Opp. at 8. Plaintiff, however, ignores clear legal authority stating service upon one corporate entity does not act as a surrogate for personal jurisdiction over another member of the corporate family. *See, e.g., Thompson Trading Ltd. v. Allied Lyons PLC*, 123 F.R.D. 417 (D.R.I. 1989). Plaintiff does not dispute that her failure to show minimum (or any) contacts between AT&T Inc. and the Eastern District of New York undermines any claim of personal jurisdiction over AT&T Inc.[6]

---

[4] Plaintiff has attached what she characterizes as an "administrative complaint" allegedly filed with the Federal Trade Commission ("FTC") on September 27, 2007. A brief review of this attachment reveals the following problems: (1) the FTC complaint was filed *after* Plaintiff filed her Complaint in this case; (2) there is no suggestion that the FTC case is in any way final; (3) Plaintiff fails to offer any connection between the FTC complaint and her claim under Section 202 of the Telecommunications Act; (4) the FTC complaint names only Apple, so does not even purport to exhaust any claims with respect to AT&T. *See* Opp., Ex. B.

[5] The cited cases are inapposite. *Indiana Manufactured Housing Ass'n, Inc. v. FTC*, 641 F.2d 481 (7th Cir. 1981), is about rule-making procedures and does not discuss whether a private right of action exists if a plaintiff exhausts administrative remedies. Nor is Plaintiff helped by *Bristol-Myers Co. v. FTC*, 469 F.2d 1116 (2d Cir. 1972), which similarly omits any discussion of a private right of action under Section 5, instead discussing subpoenas during settlement negotiations.

[6] *Compare* Opp. at 8, *with*, AT&T Motion at 8-9 and *Landoil Resources Corp. v. Alexander Servs., Inc.*, 918 F.2d 1039, 1043-45 (2d Cir. 1990).

4

## CONCLUSION

Finally, Plaintiff's assertion that she "has the right to amend its complaint as a matter of course" also misstates the relevant legal standard. The ability to replead is purely within the court's discretion. As the Second Circuit explained in *Port Dock*, leave to amend is discouraged "where repleading would be futile." *Port Dock*, 507 F.3d at 127 (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (request to replead should be denied where repleading would be futile)). The gravamen of Plaintiff's Complaint—that Ms. Li is entitled to money for a price reduction on a product that she never bought—has no basis in law.

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

Respectfully submitted,

Timothy J. Fierst (TF:3247)
CROWELL & MORING LLP
153 East 53rd Street, 31st Floor
New York, NY 10022
(212) 895-4200

Wm. Randolph Smith (WS:1258)
   *Admitted Pro Hac Vice*
Daniel A. Sasse (DS:3590)
   *Admitted Pro Hac Vice*
CROWELL & MORING LLP
1001 Pennsylvania Ave., NW
Washington, DC 20004
(202) 624-2500

*Counsel for AT&T Inc.*