UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                 :
DONGMEI LI,                                                      :
                                                                 :
                Plaintiff,                                     :
                                                                 :
     -against-                                                 :  **Index No.  CV 07 4005**
                                                                 :  **(LDW)(ETB)**
APPLE INC.                                                       :
STEVE JOBS                                                       :
AT&T INC.,                                                       :
                                                                 :
                Defendants.                                     :
                                                                 :
                                                                 :
---------------------------------------------------------------- x


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF APPLE INC. AND STEVE JOBS' MOTION TO DISMISS

ny-801570

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ..................................................................................................1

II. PLAINTIFF SEEKS TO APPLY AN ERRONEOUS LEGAL
    STANDARD ON THIS MOTION TO DISMISS ...................................................................2

III. PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS
     CONFIRMS THAT SHE HAS NO CLAIM AGAINST APPLE..............................................2

   A. The Complaint Fails to State a Claim Under the Robinson-Patman Act ........................2

      1. There Has Been No Price Discrimination ............................................................2

      2. Plaintiff's Robinson-Patman Act Claims Fail Because the
         Plaintiff Is a Consumer Not in Competition with Any Allegedly
         Favored Purchasers, and She Alleges No Adverse Effect on
         Competition ..........................................................................................................4

   B. The Complaint Fails to State a Claim for Unlawful Tying ............................................6

   C. There Are No Private Rights of Action for Section 3 of the Robinson-
      Patman Act or Section 5 of the FTC Act  .......................................................................7

   D. Plaintiff's Claim Under Section 349 of New York's General Business
      Laws Should Be Dismissed.............................................................................................9

   E. Plaintiff Still Has Not Mentioned Mr. Jobs..................................................................10

IV. CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

*Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 449 F.2d 232 (2d Cir. 1974) ............................................. 9

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007) ............................................................... *passim*

*Bristol –Myers Co. v. FTC*, 469 F.2d 1116 (2nd Cir. 1972) .............................................................. 8

*Capital Ford Truck Sales, Inc. v. Ford Motor Co.*, 819 F. Supp. 1555 (N.D.Ga. 1992) ....................... 3

*City of New York v. Coastal Oil New York, Inc.*, 1998 WL 82927 (S.D.N.Y. Feb. 25, 1998) ............................................................................................................................... 3

*Conley v. Gibson*, 355 U.S. 41 (1957) ............................................................................................. 2

*Famous Make Communications Co. v. Suffolk County Water Authority*, 1981 WL 2170 (E.D.N.Y. Sept. 9, 1981) ......................................................................................................... 7

*Falls City Industries, Inc. v. Vanco Beverage, Inc.,* 460 U.S. 428 (1983) ............................................ 5

*FTC v. Morton Salt Co.*, 334 U.S. 37 (1948) .................................................................................... 5

*George Haug Co. v. Rolls Royce Motor Cars, Inc.*, 148 F.3d 136 (2d Cir. 1998) .............................. 3,

*Herndon v. Rite-Aid Corp.*, 2007 WL 2712978 (S.D.Ala. Sept. 14, 2007) ......................................... 4

*Hudson Valley Asbestos Corp. v. Tougher Heating & Plumbing Co.*, 510 F.2d 1140 (2d Cir. 1975) ......................................................................................................................... 7

*Illinois Tool Works v. Independent Ink, Inc.*, 547 U.S. 28 (2006) ....................................................... 6

*Indiana Manufac. Housing Ass'n Inc. v. FTC*, 641 F.2d 481 (7th Cir. 1981) ...................................... 8

*Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373 (1958) ............................................................ 7, 8

*Pelman v. McDonald's Corp.*, 396 F.Supp.2d 439 (S.D.N.Y. 2005) .................................................. 9

*Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129 (2nd Cir. 1993) ........................................................ 10

*United States v. IBM*, 13 F. Supp. 11 (D.N.Y. 1935) ....................................................................... 6

*Volvo Trucks N.A., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164 (2006) ............................... *passim*

*Yellow Page Solutions v. Bell Atl. Yellow Pages Co.*, 2002-1 Trade Cas. (CCH) ¶73,556,
    at 92,568 (S.D.N.Y. 2001) ............................................................................................................. 6

*Yentsch v. Texaco, Inc.*, 630 F.2d 46 (2d Cir. 1980) ............................................................................. 6

*Zuckerman v. BMG Direct Marketing, Inc.*, 290 A.D.2d 330 (1st Dep't 2002) .................................. 10

# I.

# PRELIMINARY STATEMENT

This is an antitrust case premised on the untenable notion that Apple engaged in price discrimination when it *lowered* the price of its 8 gigabyte ("GB") iPhone to all consumers. The plaintiff is an individual consumer who purchased a single 4GB iPhone before the price reduction, and who alleges that she suffered competitive injury because she could not resell her iPhone to another consumer (even though plaintiff does not allege that she ever did or even tried to resell her single iPhone) "for as high a profit as they could have before the price cut." Plnt.'s Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pl. Opp."), at 4-5.

Plaintiff's Opposition for the most part ignores the specific arguments and cases included in Apple's moving brief. It does so for the simple reason that the Complaint explicitly acknowledges, and plaintiff's Opposition nowhere disputes, that Apple charged the same price on the same terms to all buyers of the iPhone before it implemented its across-the-board price cut, and that Apple thereafter charged the new lower price on the same terms to all buyers.

This is not price discrimination. Price discrimination under the Robinson-Patman Act occurs only where one buyer is charged a different price than the price being charged other contemporaneous buyers for the same product. Any contrary rule would mean that no seller could *ever* reduce its prices without facing Robinson-Patman Act claims brought by every single pre-price cut purchaser (who, by definition, paid more than later purchasers).

This fundamental point – there can be no Robinson-Patman Act claim without price discrimination – is fatal to plaintiff's claims. This is especially true now, when the Supreme Court has recently cautioned courts to construe the Robinson-Patman Act strictly. *Volvo Trucks N.A., Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 168 (2006). Moreover, as Apple's opening

brief made clear, the Complaint fails for other reasons as well, and plaintiff's Opposition does not adequately address these failures either. Accordingly, the Complaint should be dismissed.

## II.

### PLAINTIFF SEEKS TO APPLY AN ERRONEOUS LEGAL STANDARD ON THIS MOTION TO DISMISS

Plaintiff asserts that the Complaint may not be dismissed unless "it appears beyond doubt" that she "can prove no set of facts in support of [her] claim" entitling her to relief. (Pl. Opp. at 3.) Plaintiff has the standard wrong.

In *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007), the Supreme Court "retired" the oft-quoted statement in *Conley v. Gibson*, 355 U.S. 41 (1957) that a complaint cannot be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S.Ct. at 1969. The correct standard is the one set forth in Apple's opening brief. To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," and that "raise a right to relief above the speculative level." *Twombly*, 127 S.Ct. at 1965. The Complaint does not begin to approach satisfying this standard.

## III.

### PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS CONFIRMS THAT SHE HAS NO CLAIM AGAINST APPLE

A.  The Complaint Fails to State a Claim Under the Robinson-Patman Act

1.  There Has Been No Price Discrimination

Plaintiff's Opposition does not even mention any of the long line of cases cited in Apple's moving brief that expressly hold that "a seller is free to change its prices as much and as often as it wants, provided it charges the same price to all competing customers at the same time." *K-S Pharmacies, Inc. v. American Home Products Corp.*, 962 F.2d 728 (7th Cir. 1992);

*City of New York v. Coastal Oil New York, Inc.*, 1998 WL 82927 (S.D.N.Y. Feb. 25, 1998); *see also* cases cited at Apple Memo, at 5. An across the board price reduction that is offered to all potential purchasers is not price discrimination, and cannot violate the Robinson-Patman Act. *Id*. Indeed, any contrary rule would lead to the absurd result that price cutting of any sort – even for something as procompetitive as a limited time holiday sale price – would be prohibited by the Robinson-Patman Act.

Plaintiff concedes that all purchasers of an iPhone paid identical prices and received identical terms of sale before Apple lowered the price. (Compl., at ¶ 11.) Plaintiff concedes that, after Apple reduced the price to all purchasers, all purchasers were charged the identical new price. (*Id.*, at 16-17, 24) Plaintiff concedes that when she bought her 4GB iPhone she paid the same price and received the same terms as every other contemporaneous purchaser of the 4GB iPhone, and that if she were to buy a new iPhone today she would pay the same price and accompanied by the same terms as any other contemporaneous purchaser. (*Id.*) Plaintiff does not allege that anyone ever paid any price or received any terms more favorable than she did for a 4GB iPhone – the 4GB iPhone was discontinued, not reduced in price. (*Id.*)[1]

The Complaint demonstrates that Apple did not discriminate against anyone. Instead, it lowered its price to everyone. Thus, no Robinson-Patman Act claim exists. *See George Haug Co. v. Rolls Royce Motor Cars, Inc*., 148 F.3d 136, 145 (2nd Cir. 1998) ("plaintiff has the burden

---

[1] Plaintiff's citation to *Capital Ford Truck Sales, Inc. v. Ford Motor Co.*, 819 F. Supp. 1555 (N.D. Ga. 1992), cited at page 4 of the Opposition, is inapposite. The question in that case was whether "cars of different model years" were of "like grade and quality," a question that was relevant because the Robinson-Patman Act requires a plaintiff to show that the discriminatory prices were for products of "like grade and quality." *Id.* at 1575. The court denied a motion for summary judgment because it was unclear whether different model years of the same car were of "like grade and quality." The court did not hold, as plaintiff seems to suggest, that two sales within a year apart at different prices constituted some sort of *per se* price discrimination.

of establishing … that the seller discriminated in price as between the two purchasers").

### 2. Plaintiff's Robinson-Patman Act Claims Fail Because the Plaintiff Is a Consumer, Not a Business Competitor, and She Alleges No Adverse Effect on Competition

Plaintiff concedes that she is a consumer who bought a single 4 GB iPhone, not a business competitor engaged in the resale of the iPhone (Pl. Opp. at 4). She also does not allege that she ever resold or even tried to resell her iPhone. But the Robinson-Patman Act requires that a plaintiff actually be in competition with an allegedly favored purchaser to sustain a cause of action. *Volvo Trucks*, 546 U.S. at 168; *Herndon v. Rite-Aid Corp.*, 2007 WL 2712978, at *5 (S.D.Ala. Sept. 14, 2007) (dismissing consumer's Robinson-Patman Act claim because consumer could not show that she was in competition with favored purchasers).

Plaintiff's Opposition now asserts that the Complaint has adequately pleaded claims of "secondary and tertiary-line price discrimination."[2] (Pl. Opp. at 3.) In fact, it has done no such thing.

*First*, with respect to any claim for secondary line discrimination (that is, a claim that the allegedly injured plaintiff is in competition with a favored customer of the manufacturer), the Complaint fails to adequately plead an effect on competition. The Complaint nowhere alleges any actual effect on competition from plaintiff's secondary line claims, and its allegation of a single purchase of a single 4GB iPhone by a consumer is not enough to infer such an effect simply because it is theoretically possible that a consumer might ultimately resell her used iPhone on the secondary market. Such a theory would provide only the limited and insubstantial effect on competition that the Supreme Court has held was insufficient to state a claim under the Robinson-Patman Act. *See Volvo Trucks*, 546 U.S. at 168.

---

[2] Plaintiff is apparently not asserting a primary line claim. *See* Pl. Opp., at 3-4.

*FTC v. Morton Salt Co.*, 334 U.S. 37, 49 (1948), a case cited by plaintiff, demonstrates the absurdity of trying to apply the Robinson-Patman Act to a procompetitive price reduction that was made available to all consumers. In *Morton Salt*, a salt producer had a corporate pricing policy that resulted in different commercial buyers being charged different prices over an extended period of time, with larger purchasers being given more favorable prices than smaller ones. *Id.* at 49. As the plaintiff herself described the holding of the case, "there is an inference of injury to competition from evidence of substantial price difference over time." (Pl. Opp. at 4.) Here, by contrast, plaintiff bought a single 4GB iPhone at a single specific point in time, pursuant to a policy that treated all consumers at a given time exactly the same – there thus can be no "inference of injury to competition" here.

*Second*, no conceivable claim of "tertiary-line price discrimination" can exist here. As plaintiff notes in her brief, tertiary line discrimination occurs when "customers of the favored and disfavored purchasers" are affected by the alleged discrimination. *Falls City Industries, Inc. v. Vanco Beverage, Inc.*, 460 U.S. 428, 436 (1983). Here, that would mean that plaintiff would actually have to sell her 4GB iPhone to another consumer, and that consumer would have to try to resell that 4GB iPhone yet again, but would somehow be unable to do so at as high a profit because a different purchaser who bought an 8GB iPhone from some other purchaser who bought an iPhone after Apple's price cut also would be trying to resell that used iPhone at the same time. What is apparent from the absurdity of this hypothetical game of hot potato is that tertiary line discrimination is only relevant in industries with extended distribution chains where there is some competition between secondary and tertiary line distributors, and has no possible applicability here.

In sum, plaintiff has failed to adequately allege any adverse effect on competition resulting from the alleged price discrimination. Her Robinson-Patman Act claim fails for this reason as well.

**B.     The Complaint Fails to State a Claim for Unlawful Tying**

In response to Apple's argument that the Complaint failed to adequately plead a "tying" violation under section 3 of the Clayton Act, plaintiff cites to general language from a 1935 district court case. (Pl. Opp. at 6, *citing United States v. IBM*, 13 F.Supp. 11 (D.N.Y. 1935).) But plaintiff ignores specific language from the Supreme Court only two terms ago clearly holding that market power in the tying product market is a prerequisite "in all cases involving a tying arrangement," *Illinois Tool Works v. Independent Ink, Inc.*, 547 U.S. 28, 40 (2006), and the well-established rule that a tying complaint must adequately define both the tied and tying markets, *Yellow Page Solutions v. Bell Atl. Yellow Pages Co.,* 2002-1 Trade Cas. (CCH) ¶73,556, at 92,568 (S.D.N.Y. 2001). Indeed, plaintiff appears to concede that the Complaint does not allege that the iPhone had market power (it could not, given that it was only introduced three days before plaintiff bought her iPhone, Complaint, ¶ 10), and still has not defined the relevant markets. Plaintiff's claim fails on these grounds alone.

Nor does plaintiff allege an anticompetitive effect in the wireless services market. The Opposition makes the circular observation that, as a result of the exclusive deal between Apple and AT&T, a purchaser of the iPhone must buy wireless services from AT&T rather than from some other supplier. But alleging merely that a plaintiff is required to buy both products is not the same as adequately alleging the required anticompetitive effect in the second product market (*e.g.*, the market for wireless services). *See Yentsch v. Texaco, Inc.*, 630 F.2d 46, 56-57 (2d Cir. 1980) (requiring showing of anticompetitive effect, not just required sale).

Finally, the Opposition says nothing in response to the well-established rule in the Second Circuit that Section 3 of the Clayton Act does not apply when the tied product is a service. 15 U.S.C. § 14; *see Hudson Valley Asbestos Corp. v. Tougher Heating & Plumbing Co.*, 510 F.2d 1140, 1145 (2d Cir. 1975) (dismissing tying claim where "cases have clearly established … [Section 3] has no applicability to a service contract such as the one involved here"); *Famous Make Communications Co. v. Suffolk County Water Authority*, 1981 WL 2170 (E.D.N.Y. Sept. 9, 1981) (same). AT&T's wireless services cannot as a matter of law be unlawfully "tied" to the iPhone. For all of these reasons, the tying claim should be dismissed.

### C. There Are No Private Rights of Action for Section 3 of the Robinson-Patman Act or Section 5 of the FTC Act.

The Opposition does not cite a single case in which a private cause of action has been brought under either Section 3 of the Robinson-Patman Act ("Section 3") or Section 5 of the FTC Act. Instead, plaintiff misinterprets snippets of language in other cases – including the very Supreme Court case that definitively held that no private action exists under Section 3 – into Congressional authorization for private rights of action under these statutes. All claims based on these statutes (the Second, Third, and Fifth claims) should be dismissed.

With respect to Section 3, Plaintiff cites *Nashville Milk Co. v. Carnation Co.*, 355 U.S. 373, 382 (1958), for the proposition that there is no cause of action under Section 3 *unless* the challenged conduct *also* violates some other provision of the antitrust laws. This is obviously wrong. Plaintiff's theory would mean that the cause of action would exist only when it is not needed because the plaintiff can proceed under some other statute. In any event, it is not at all what *Nashville Milk* says. The *Nashville Milk* opinion makes clear in the sentence immediately following the one quoted by plaintiff in her opposition (Pl. Opp. at 5) that, where conduct alleged to violate Section 3 "also constitute[s] a violation of §2 of the Clayton Act, as amended, they are

actionable by one injured thereby *under that Act*." *Nashville Milk*, 335 U.S. at 382 (emphasis supplied). In other words, the mere fact that conduct could be deemed to violate the criminal provisions of Section 3 in addition to some other statute does not prevent a plaintiff from suing under that other statute. As Apple explained above, its conduct does not violate any law, but that does not change the fact that no private right of action exists under Section 3.

With respect to Section 5 of the FTC Act, plaintiff's argument that a private right of action exists where a plaintiff "has exhausted administrative remedies" (Pl. Opp., at 6) is based on two cases that do not involve Section 5 at all. In the first case, *Indiana Manufac. Housing Ass'n Inc. v. FTC*, 641 F.2d 481 (7th Cir. 1981), an aggrieved participant in an "FTC rulemaking procedure" challenged in court "an admittedly preliminary step" in that administrative process. Its complaint was dismissed because the FTC had yet to actually adopt the rule being challenged. *Id.* In *Bristol-Myers Co. v. FTC*, 469 F.2d 1116 (2nd Cir. 1972), a company that was the subject of an FTC administrative proceeding sought a court order requiring the FTC to permit it to subpoena third-parties during informal FTC negotiations over a potential consent order. The Second Circuit dismissed the application because the FTC's administrative proceeding was still in progress and the FTC itself had yet to adopt any final decision in the case.

Neither of these cases had anything to do with private actions under Section 5 of the FTC Act. Instead, each involved situations where the right to seek judicial review of FTC action was expressly provided for by sections of the FTC Act other than Section 5. *See Indiana Housing*, 641 F.2d at 483 (describing right to seek judicial review of portions of FTC rulemaking); *Bristol-Myers*, 469 F.2d at 1117 (describing right to seek judicial review of "final cease and desist orders" issued by the FTC). Well-established Second Circuit law provides that "the provisions

of the Federal Trade Commission Act may be enforced only by the Federal Trade Commission."
*Alfred Dunhill Ltd. v. Interstate Cigar Co.*, 449 F.2d 232, 237 (2nd Cir. 1974).

      D.      **Plaintiff's Claim Under Section 349 of New York's General Business Law Should Be Dismissed**

Plaintiff cites *Pelman v. McDonald's Corp.*, 396 F. Supp.2d 439 (S.D.N.Y. 2005) for the proposition that, "[a] general allegation of deception states a claim under GBL § 349." In fact, *Pelman* involved a motion under Rule 12(e) of the FRCP, not Rule 12(b)(6). In any event, the *Pelman* pleading amply demonstrates the inadequacy of the Complaint here. In *Pelman*, the plaintiffs specifically alleged that McDonald's (i) intentionally made promotional representations designed to create a false impression that its food products "were nutritionally beneficial and party of a healthy lifestyle if consumed daily;" (ii) failed to adequately disclose its use of food additives and food processing which made its food "substantially less healthy than represented;" and (iii) specifically misrepresented that "it would provide nutritional information to its … customers when in reality such information was not readily available." *Id.* at 442.

By contrast, the Complaint alleges only that Apple violated section 349 by representing that "the iPhone was worth the price that they had paid for [it]" (Complaint, ¶ 68), but it nowhere alleges that Apple's representation was false or makes any other complaint about the iPhone other than that plaintiff wished she could have paid the lower price for it. But that does not state a claim under section 349. *See Zuckerman v. BMG Direct Marketing, Inc.*, 290 A.D.2d 330 (1st Dep't 2002) (where charge is disclosed, whether charge was unreasonable or excessive is irrelevant to section 349 claim). As Apple noted in its opening brief, any contrary rule would create a cause of action for deceptive conduct any time a company reduced the prices of its products. Plaintiff's state law claim therefore should be dismissed.

### E. Plaintiff Still Has Not Mentioned Mr. Jobs

Plaintiff's Opposition remained scrupulously silent as to any reason why Mr. Jobs is a defendant in this case. All claims against Mr. Jobs should be dismissed.

## IV.

## CONCLUSION

Plaintiff has demonstrated that she has not adequately pleaded a cause of action because she does not have one. As the Supreme Court recently emphasized in *Twombly*, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." 127 S.Ct. at 1966 (quotations omitted). Because the Complaint "is defective to such an extent that it would be futile to grant leave to replead," Apple respectfully submits that the Complaint should be dismissed in its entirety, with prejudice. *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir. 1993).

Dated: New York, New York  
February 25, 2008

MORRISON & FOERSTER LLP

By: s/ Michael B. Miller  
Michael B. Miller (MM-1154)  
1290 Avenue of the Americas  
New York, New York 10104-0050  
(212) 468-8000  
mbmiller@mofo.com